THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES BILLERBECK, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. PROHIBITION—*when a complaint is insufficient to authorize a search warrant.* A complaint for the issuing of a search warrant, which charges the unlawful keeping and possessing of intoxicating liquor in a certain garage and which makes no charge of unlawful transportation, is not sufficient to authorize the issuing of the warrant where the only fact alleged in the complaint as a basis for the warrant is that the party alleged to be in possession of the liquor was seen transporting the same to the garage, the ownership of which is not alleged, but the party will not be entitled to a return of the liquor seized by such warrant where he makes no showing of lawful title.

2. SAME—*Prohibition act supersedes Search and Seizure act.* The Prohibition act is substituted by the legislature for the Search and Seizure act and overrules it in all things wherein there is a direct conflict in the two acts.

3. SAME—*a complaint for issuing a search warrant must state facts.* Section 29 of the Prohibition act does not authorize a search warrant to be issued upon facts stated on information and belief,

and a complaint which does not state facts positively within the knowledge of the affiant nor show reasonable and sufficient ground for the belief that the crime stated has been committed does not warrant the issuance of a search warrant.

4. SAME—*amendment to an information should be sworn to.* Where an information is insufficient in failing to allege that the possession and transportation of liquor were without a permit of the Attorney General, an amendment adding the necessary averment is material and the information should be sworn to again.

HEARD, J., took no part.

WRIT OF ERROR to the County Court of Stephenson county; the Hon. FRED E. CARPENTER, Judge, presiding.

DOUGLAS PATTISON, R. B. MITCHELL, and RAY T. LUNEY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, LAWRENCE A. JAYNE, State's Attorney, and S. S. DuHAMEL, for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

An information was filed in the county court of Stephenson county against Charles Billerbeck, plaintiff in error, charging that he "did unlawfully possess and transport intoxicating liquor without being authorized so to do in manner and form provided by the Illinois Prohibition act." On motion of the State's attorney the information was amended by adding, "without first having had a permit from the Attorney General of the State of Illinois so to do." The information as amended was not sworn to by the State's attorney or any other person. Plaintiff in error's motion to quash the information was overruled and he then filed his plea of not guilty. He also petitioned the court to impound the liquor seized and to suppress the evidence thereof upon the trial and to return it to him because it was illegally obtained from him. The court heard the

323—4

evidence upon that motion and denied it. Thereafter, upon the trial before the jury, plaintiff in error was found guilty as charged in the information and was adjudged to pay a fine of $200 and costs of prosecution. He has sued out this writ of error to review the judgment of the court.

The undisputed evidence in the record shows that on the evening of February 3, 1925, plaintiff in error was driving through the village of Cedarville in a Dodge Bros. truck when he was hailed by four deputy sheriffs and was requested to drive his car to the county jail and was told that the sheriff then knew what he had in the truck. He refused, saying that the truck and what was in it was his property, and he continued on his drive in a northerly direction. The four deputy sheriffs followed him to his home, where he drove his truck into his garage. One of the deputies stayed at the garage and the others went away to obtain a search warrant. After obtaining the search warrant they returned to the garage and had a talk with plaintiff in error and his attorney. His attorney advised him to open the garage and let the officers enter it and search it. Some of the deputies had seen him and his wife removing caps and emptying the contents of the bottles. Thirty-eight cartons of the bottles were taken by the officers from the garage to the basement of the county jail, where they remained until the time of the trial. A chemical analysis of four bottles of the liquor was made, which showed that the contents of the bottles contained 3.37 per cent alcohol. The evidence also shows that the fluid emptied from the bottles at the garage was beer. The only evidence introduced by the defendant was that his general reputation as a law-abiding citizen was good.

The grounds for his charge that the liquor was illegally seized and taken from him are, that the complaint for the search warrant did not contain reasonable grounds for the complainant's belief that plaintiff in error kept and possessed intoxicating liquor at and within the garage afore-

said, and that the said complaint was not verified by affidavit or sworn to by the complainant for the search warrant. The complaint purports to be made by one Herschel Woodring before Allen Janssen, a justice of the peace of said county, on February 3, 1925, and it recites that upon the oath of said complainant he "says that he has just and reasonable grounds to believe, and does believe, that intoxicating liquor is now unlawfully kept and possessed by Charles Billerbeck without first having obtained a permit therefor from the Attorney General of Illinois, within prohibition territory, at and within a certain garage located upon the rear of the premises known as 1321 South High avenue, in the city of Freeport, in the county and State aforesaid, and that the following are the reasons for his belief: That he saw the said Charles Billerbeck drive a certain Dodge Bros. automobile therein loaded with cases and bottles of intoxicating liquor on the evening of February 3, 1925." This complaint was subscribed by Herschel Woodring, and following his signature is a sentence in these words, "Subscribed and sworn to before me this 3d day of February, A. D. 1925," and these words are subscribed by Allen Janssen, and following his signature are the words, "Justice of the Peace." Under the name of Janssen appears also the name of A. H. Wieman, "Justice of the Peace."

The evidence in this record on the question of whether or not the complaint for a search warrant was sworn to by the party making the complaint is very conflicting and unsatisfactory. Janssen, the justice of the peace, testified that the complaint was sworn to by Woodring, but that he does not remember where or in what manner the oath was taken, and he was contradicted by his own previous statements and also by the evidence of others. The other justice of the peace testified very positively that he did not swear Woodring to the complaint or anyone else. The evidence shows that the complaint and search warrant were both

made out by the State's attorney and taken to the two justices of the peace and that they signed them in their official capacities, as already shown, and the evidence shows that Woodring was not present when these instruments were signed. We think the decided weight of the evidence is to the effect that the complaint was not sworn to by Woodring or anyone else, and that plaintiff in error's motion to impound the liquor and to exclude it as evidence should have been sustained.

The complaint for a search warrant in substance charges on information and belief that intoxicating liquor is *now* unlawfully kept and possessed by Charles Billerbeck without first having obtained a permit therefor from the Attorney General. The reasons for such belief are that he saw Billerbeck drive an automobile loaded with cases and bottles of intoxicating liquor on the evening of February 3, 1925. There is no allegation that the garage is the garage of Billerbeck or that it was in his possession at the time the warrant was sued out, and the complaint states no such fact anywhere therein. The complaint does not charge an unlawful transportation of liquor, and it was therefore deficient for the reason aforesaid, and for the further reason that if the liquor belonged to someone else and he was transporting it for that party, the facts stated do not show that he was in possession at the time the complaint was made.

Plaintiff in error urges for a further reason for impounding the liquor and suppressing it as evidence that section 29 of the Prohibition act and section 16 of the Search and Seizure act, under the provisions of which the complaint was filed and the search warrant issued, are unconstitutional. Section 16 of the Search and Seizure act is identical with said section 29 of the Prohibition act, and if that were not so and section 29 aforesaid was materially different from section 16, then under our previous holdings section 16 aforesaid would be repealed by implication, as the Prohibition act is substituted by the legislature for the

Search and Seizure act and overrules it in all things wherein there is a direct conflict in the two acts. The validity of section 29 aforesaid has been fully settled by the previous decisions of this court, and all the objections to it by plaintiff in error are fully considered and disposed of by those cases. These decisions demonstrate very clearly that that section of the statute does not authorize a search warrant to be issued upon facts stated on information and belief, and they also hold that a complaint which does not state facts positively within the knowledge of the affiant as a basis for the belief that the crime stated has been committed, and that the facts so stated show reasonable and sufficient grounds for such belief, does not warrant the issuance of a search warrant. (*People* v. *Shields,* 309 Ill. 142; *People* v. *Prall,* 314 id. 518; *People* v. *Elias,* 316 id. 376; *Lippman* v. *People,* 175 id. 101; *People* v. *Zalapi,* 321 id. 484.) Plaintiff in error was not entitled to an order of the court to return to him the liquor in question, for the reason that he did not contradict the facts in the record that he was transporting and storing the liquor in the garage in question illegally. He made no showing whatever that either himself or any other person for whom he was operating had any legal title to the liquor, and the whole showing in the record is that it was liquor possessed and transported by him without any authority at all and that such liquor was subject to be confiscated and destroyed under the proper procedure.

The court erred in overruling the motion to quash the information. The charge that the possession and transportation of the liquor was a violation of the Illinois Prohibition act was a mere conclusion of law, and the necessary facts to constitute an offense were not pleaded in the information as originally drawn. (*People* v. *Berman,* 316 Ill. 547.) The amendment to the information was therefore material, and the information as amended should have been sworn to after it was amended. This failure was sufficient

ground for the quashing of the information. *People* v. *Shockley*, 311 Ill. 255.

Numerous other grounds for reversal are urged by plaintiff in error, but it is unnecessary to consider them as the judgment of the court must be reversed for the reasons already given.

The judgment of the county court is reversed.

*Judgment reversed.*