THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. STEVEN WOODS, Defendant-Appellee.

Third District   No. 3—90—0526

Opinion filed August 23, 1991.

William Herzog, State's Attorney, of Kankakee (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE BARRY delivered the opinion of the court:

The State charged the defendant, Steven Woods, with unlawful possession of a controlled substance with the intent to deliver. The trial court subsequently granted the defendant's motion to suppress the evidence seized from him during a police search. The State appeals.

Initially, we note that the defendant has not filed an appellee's brief. However, since the record is simple and we can decide the disputed errors without his brief, we will address the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that on November 23, 1989, police lieutenant John Gerard prepared a "complaint for search warrant" requesting the issuance of a warrant to search the person of the defendant for evidence of drug violations. In support of the request, Lieutenant Gerard stated that within the past 24 hours he had observed one of his confidential informants buy cocaine from the defendant. Gerard noted that past information from the informant had always been current, reliable, and accurate. Besides buying cocaine from the defendant in this instance, the informant told Gerard that he had purchased cocaine from the defendant in the past. Based on these facts, Gerard believed there was more cocaine located on the person of the defendant.

The examining circuit judge found that Gerard's complaint showed probable cause. He therefore issued a search warrant that same day, commanding the police to search the person of the defendant for evidence of drug violations.

Patrolman Matthew Adamson executed the warrant on November 26, 1989. During the search, he seized cocaine in 25 clear plastic baggies, $28, a pager, and car keys.

The trial court found that the search warrant was an anticipatory warrant. It further found that the warrant failed to set forth the necessary specific details regarding the future existence of cocaine on the defendant. In particular, the court stated that Lieutenant Gerard should have set forth information showing that the defendant was going to have cocaine on his person on a certain day at a certain time. Due to these deficiencies in the warrant, the court granted the defendant's motion to suppress the evidence seized in the search.

On appeal, the State argues that the court erred in finding that the warrant was an anticipatory warrant. It further argues that the court erred in finding that the complaint for the search warrant failed to establish probable cause to believe the defendant would continue to have cocaine in his possession. We agree.

■ An anticipatory search warrant is a warrant based upon an affidavit showing probable cause that at some future time, but not presently, certain evidence of a crime will be located at a specified place. (2 W. LaFave, Search and Seizure §3.7(c), at 94 (2d ed. 1987).) Here, Lieutenant Gerard averred that the evidence of the crime was presently located on the defendant's person. Further, the warrant was not issued for some future date, but rather allowed the police to immediately search the defendant. The fact that a couple of days passed before the police were able to locate and search the defendant did not transform the warrant into an anticipatory warrant. Rather, that fact merely went to the issue of whether the police diligently executed the warrant. Accordingly, we find applicable the general rules governing warrants to search a person for evidence of a continuing offense.

■ Probable cause for the issuance of a search warrant means simply that the facts and circumstances within the knowledge of the affiant, and of which he had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution to believe the law was being violated and evidence of it was on the person to be searched. (*People v. Velez* (1990), 204 Ill. App. 3d 318, 562 N.E.2d 247.) Whether probable cause exists in a particular case depends on the totality of the circumstances (*People v. Tisler* (1984), 103 Ill. 2d 226, 469 N.E.2d 147), including the length of time between the drug purchase and the presentation of the complaint for search warrant (*People v. Gant* (1986), 150 Ill. App. 3d 180, 501 N.E.2d 355).

■ Here, Lieutenant Gerard gave particular facts concerning a controlled drug transaction between a reliable informant and the defendant. The transaction had occurred within 24 hours of the complaint for a warrant. At the time of the transaction, the defendant was carrying the cocaine on his person. Further, the informant had purchased cocaine from the defendant in the past. We find that these facts would warrant a man of reasonable caution to believe that the law was being violated and that evidence of it was on the defendant. Accordingly, we conclude that the trial court erred in finding that no probable cause existed for the issuance of the warrant and in suppressing the evidence seized.

The judgment of the circuit court of Kankakee County granting the defendant's motion to suppress evidence is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

HAASE and McCUSKEY, JJ., concur.