THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SUSAN ROSS, Defendant-Appellee.

Third District    No. 3—94—0143

Opinion filed November 18, 1994.

712

Greg McClintock, State's Attorney, of Monmouth (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Stansell, Whitman & Baber, of Monmouth (James G. Baber, of counsel), for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Defendant, Susan Ross, was charged with unlawful possession of a controlled substance and filed a pretrial motion to suppress evidence obtained from her residence under an anticipatory search warrant. The trial court found the warrant invalid under Illinois law and granted the motion to suppress. The State appeals. We affirm.

## FACTS

The parties stipulated to the facts. On November 5, 1991, Galesburg UPS personnel informed the police that they had mistakenly opened a next-day air letter addressed to defendant and discovered a substance they believed to be cocaine. A field test conducted by the police disclosed that the package contained cocaine. Based on their belief that probable cause would exist after delivery of the letter, the police obtained a search warrant for defendant's residence at 1:25 p.m. on November 5.

At approximately 2:15 p.m., UPS completed a controlled delivery of the package to defendant's home. After defendant accepted the package, the warrant was executed at approximately 2:20 p.m., and the package was retrieved.

Defendant was charged with knowingly and unlawfully possessing less than 200 grams of a controlled substance (720 ILCS 570/402(c) (West 1992)). She filed a pretrial motion to suppress the evidence, and the trial court granted the motion based on a finding that anticipatory search warrants are not permissible under Illinois law. The State appeals.

## ISSUES ON APPEAL

Two issues are presented on appeal: (1) whether anticipatory search warrants are permissible under the relevant Illinois statute, and (2) whether the contingency that provided the basis for valid execution of the warrant was recited with sufficient specificity. When, as in the instant case, neither the facts nor the credibility of the witnesses is at issue, rulings on a motion to quash and suppress are subject to *de novo* review. *People v. Foskey* (1990), 136 Ill. 2d 66, 76, 554 N.E.2d 192, 197.

## BACKGROUND

"An anticipatory search warrant is a warrant based upon an affidavit showing probable cause that at some future time, but not presently, certain evidence of a crime will be located at a specified place." (*People v. Woods* (1991), 217 Ill. App. 3d 561, 563, 577 N.E.2d 865, 867.) By definition, it is " 'issued before the necessary events have occurred which will allow a constitutional search of the premises; if those events do not transpire, the warrant is void.' " *People v. Galdine* (1991), 212 Ill. App. 3d 472, 481, 571 N.E.2d 182, 188, quoting *United States v. Garcia* (2d Cir. 1989), 882 F.2d 699, 702, *cert. denied sub nom. Grant v. United States* (1989), 493 U.S. 943, 107 L. Ed. 2d 336, 110 S. Ct. 348.

Illinois and the majority of jurisdictions that have addressed the issue have upheld the constitutionality of anticipatory search warrants. (*People v. Martini* (1994), 265 Ill. App. 3d 698; see *Galdine*, 212 Ill. App. 3d at 480-81, 571 N.E.2d at 188 (reciting an extensive list of cases from other jurisdictions).) This issue has not been raised in this appeal, and, in any case, the appellate court has already determined that anticipatory search warrants are constitutional in Illinois. *Martini*, 265 Ill. App. 3d at 707.

## STATUTORY ANALYSIS

However, anticipatory search warrants have not yet been scrutinized in light of the relevant Illinois statutory provision. Under section 108—3 of the Illinois Code of Criminal Procedure of 1963 (725 ILCS 5/108—3(a) (West 1992)), the "written complaint of any person under oath or affirmation which states facts sufficient to show

probable cause" may provide the basis for a judge to "issue a search warrant for the seizure of *** [a]ny instruments, articles or things which have been used in the commission of, or which may constitute evidence of, the offense in connection with which the warrant is issued." In construing section 108—3, we seek to ascertain and effectuate the legislature's intent. (*People v. Jameson* (1994), 162 Ill. 2d 282, 287.) If the legislative intent can be discerned from the plain language of the statute, a reviewing court should not resort to other construction aids. *People v. Bryant* (1989), 128 Ill. 2d 448, 455, 539 N.E.2d 1221, 1224.

A statute is ambiguous if it "is capable of being understood by reasonably well-informed persons in two or more different senses." (*Jameson*, 162 Ill. 2d at 288.) The parties in this case have presented two such views. Defendant argues that one portion of the statute is set in the past tense, allowing a search warrant to issue for "[a]ny instruments, articles or things which *may have been used* in the commission of *** the offense." (Emphasis added.) This language implies the prior commission of a crime. However, the State asserts that other portions of the statute require the underlying complaint to "state[ ] facts sufficient to show probable cause" before a warrant may issue for things "which may constitute evidence of[ ] the offense." The State claims that this language suggests that probable cause is sufficient and the crime need not have been committed before issuance of a warrant. (725 ILCS 5/108—3(a) (West 1992).) After reviewing section 108—3, we have determined that it is ambiguous and reasonably subject to more than one interpretation.

If a statute is ambiguous, we may examine other sources, such as its legislative history and Committee Comments, to determine the intent of the legislature. (See *Jameson*, 162 Ill. 2d at 288.) While not binding on this court, Committee Comments are persuasive authority (*People v. Davis* (1980), 82 Ill. 2d 534, 537, 413 N.E.2d 413, 415) and may be used to determine the purpose and application of a statute (*People v. Plewka* (1975), 27 Ill. App. 3d 553, 559, 327 N.E.2d 457, 461). In this instance, the Committee Comments fully support a construction requiring a prior crime for issuance of a warrant.

The Committee Comments to subparagraph (a) state that the section "follows existing case law to the extent that it requires a crime to have been committed. (See *Lippman v. People* (1898), 175 Ill. 101, 51 N.E.2d 872.) In this respect the proposed language diverges from that found in Federal Rule 41(b)(2) and (3)." (725 ILCS Ann. 5/108—3(a), Committee Comments—1963, at 695 (Smith-Hurd 1992).) The Committee Comments explicitly condition the validity of a search warrant on the existence of a prior criminal act and distinguish

Federal Rule 41(b)(3), which allows the use of anticipatory search warrants by authorizing the search and seizure of "property designed or intended for use *** as the means of committing a criminal offense." 18 U.S.C. R. 41(b)(3) (1988).

Section 108—3(a) codifies the rule cited in *Lippman*. In *Lippman*, the court determined that a statute permitting issuance of a search warrant on the basis of an oath signed by a private party stating his belief that his missing property was on another's premises in violation of trademark law was unconstitutional. (*Lippman*, 175 Ill. at 110-11.) While noting the general requirements for a valid search warrant, the court stated that a " 'warrant is not allowed to obtain evidence of an intended crime, but only after lawful evidence of an offense actually committed.' " (*Lippman*, 175 Ill. at 113, quoting Cooley's Const. Lim. 372 (4th ed.).) These general criteria have been followed by the courts of this State for nearly 100 years. (*People v. Billerbeck* (1926), 323 Ill. 48, 53, 153 N.E. 586 (complaint must specify that a crime had been committed); *People v. George* (1971), 49 Ill. 2d 372, 377, 274 N.E.2d 26, 29 (probable cause established, in part, by facts sufficient to support a reasonable belief that a crime had been committed).) Thus, the Committee Comments' interpretation of the statute reflects the case law developed by our courts.

■ The State correctly recognizes the statutory requirement that the complaint contain facts sufficient to establish probable cause, but it erroneously contends that probable cause exists in this case. We believe that the legislature intended to allow issuance of a valid search warrant only if there is probable cause that a crime has *already* been committed, and we should not construe a criminal statute contrary to this intent (*People v. Gleckler* (1980), 82 Ill. 2d 145, 155, 411 N.E.2d 849, 853; *People v. Liberman* (1992), 228 Ill. App. 3d 639, 647, 592 N.E.2d 575, 581, *appeal denied* (1992), 146 Ill. 2d 642, 602 N.E.2d 466). Thus, although anticipatory search warrants pass constitutional muster in Illinois, they fail to comply with the warrant requirements enacted by our legislature and are impermissible under our current statutory provisions. The trial court correctly held that the warrant in this case was invalid under Illinois law.

If Illinois wishes to overcome this limitation and join those jurisdictions presently benefiting from the use of anticipatory search warrants, the remedy must come from legislative modification of the existing statutory scheme. We strongly suggest that the legislature review section 108—3 to determine if amendment is appropriate.

THE WARRANT WAS NOT SUFFICIENTLY SPECIFIC

Assuming *arguendo* that anticipatory search warrants were

permissible in Illinois, the warrant in this case would not be sufficiently specific. Some jurisdictions have not required that valid execution of anticipatory search warrants be conditioned on the occurrence of a specific contingency. (*United States v. Rey* (6th Cir. 1991), 923 F.2d 1217; *State v. Wine* (Tenn. Crim. App. 1989), 787 S.W.2d 31.) However, the only Illinois decision to address this issue stated, in *dicta*, that the execution of an anticipatory search warrant must be made "contingent on the occurrence of specific events or the passage of a specific period of time" to guard against its premature execution, following the rule in *United States v. Garcia. Galdine*, 212 Ill. App. 3d at 481-82, 571 N.E.2d at 189, citing *United States v. Garcia* (2d Cir. 1989), 882 F.2d 699, 703-04, *cert. denied sub nom. Grant v. United States* (1989), 493 U.S. 943, 107 L. Ed. 2d 336, 110 S. Ct. 348.

The *Galdine* court found that the safeguards set out in *Garcia* were designed to allow neutral court supervision and control of potentially overzealous police activity when anticipatory search warrants are issued. (*Galdine*, 212 Ill. App. 3d at 482, 571 N.E.2d at 189.) *Garcia* required that the affidavit underlying the warrant contain four components to protect defendants' fourth amendment rights: (1) where and when the cocaine transfer would occur; (2) how the affiant knew of the transfer; (3) the reliability of the information; and (4) the role that law enforcement officials would play in the transfer. *Garcia*, 882 F.2d at 703-04.

The affidavit in the instant case stated the filing officer's belief that "[o]nce the contents of the Next Day Air letter have been delivered to 235 N. Kirk Street, Kirkwood, Warren County, Illinois, *** probable cause will exist to search the residence of that location." The State contends that this sufficiently apprised the trial court of the search contingency. The State also recites the filing officer's subsequent participation in the execution of the warrant and the fact that execution occurred after delivery of the package in support of this contention.

Defendant argues that the contingency was not stated with sufficient specificity to satisfy two *Garcia* safeguards. First, defendant asserts that the complaint underlying the warrant in this case lacked specific information on the place and time of the transfer.

An otherwise valid warrant will not be quashed due to technical errors not affecting substantial rights of the defendant. (725 ILCS 5/108—14 (West 1992); *People v. Blake* (1994), 266 Ill. App. 3d 232, 238; *People v. Vanlandingham* (1991), 223 Ill. App. 3d 362, 375-76, 584 N.E.2d 904, 913-14, *appeal denied* (1992), 144 Ill. 2d 642, 591 N.E.2d 30.) Although the exact time of the controlled delivery was omitted from the complaint, the delivery date was specified, and any

concerns about staleness were averted because the warrant was executed by the filing officer on the day of issuance. A precise statement of the delivery time in this case was both unnecessary and impractical. Providing the delivery date in the warrant satisfied the first *Garcia* guideline, and the omission of the time of delivery was a mere technical error that did not affect any substantial right of defendant.

Second, and more persuasively, defendant argues that the warrant was invalid under *Garcia* because it failed to state the role that the police would play in the delivery of the cocaine. In this case, the complaint stated only that the affiant had "made arrangements with UPS to have the contents" of the package delivered to defendant's address.

The *Garcia* court required that "the warrant conditions governing the execution [be] explicit, clear, and narrowly drawn so as to avoid misunderstanding or manipulation by government agents." (*Garcia*, 882 F.2d at 703-04.) The warrant in the instant case stated only that the officer had previously "made arrangements" for the delivery and believed that probable cause would exist once the delivery was completed. The description of the role of the police was limited to a report of the filing officer's actions prior to requesting the warrant. The complaint was silent on the role that the police would play in the actual delivery and search operation. Without this information, the court could not fulfill its protective supervisory function.

Courts have upheld the use of anticipatory warrants largely out of a preference for the impartial oversight that courts can exercise over a search of private property. (*Galdine*, 212 Ill. App. 3d at 481, 571 N.E.2d at 189; *Garcia*, 882 F.2d at 703.) As the *Galdine* court observed, "the objective of the fourth amendment is better served by allowing the police to obtain a warrant in advance of a delivery, rather than have the police go to the scene and proceed under the exigent circumstances exception to the warrant requirement." (*Galdine*, 212 Ill. App. 3d at 481, 571 N.E.2d at 189, citing *Garcia*, 882 F.2d at 703.) The *Garcia* safeguards arose out of similar concerns: to fight criminal activity and to protect individual fourth amendment rights.

■ The contingency for the execution of the warrant in this case was not "explicit, clear, and narrowly drawn so as to avoid misunderstanding or manipulation." (*Garcia*, 882 F.2d at 703-04.) This warrant failed to describe the role of the police in the controlled delivery in sufficient detail. The issuing court could not adequately protect defendant's fourth amendment rights and retain control over delivery of the package and the subsequent search of defendant's residence. Such a warrant fails to satisfy the *Garcia* safeguards and is invalid due to its lack of specificity.

## CONCLUSION

We hold that anticipatory search warrants are impermissible under the law of Illinois, and, in any event, the contingency for execution of the warrant in the instant case was not noted with sufficient specificity to survive analysis under *People v. Garcia.*

For the reasons stated, the judgment of the circuit court of Warren County is affirmed.

Affirmed.

McCUSKEY and STOUDER, JJ., concur.