(No. 42181.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JAMES TATE, Appellant.

*Opinion filed January 28, 1970.*

GETER & GETER, of Chicago, (HOWARD D. GETER, SR.
and HOWARD D. GETTER, JR., of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield,
and EDWARD V. HANRAHAN, State's Attorney, of Chicago,
(JAMES B. ZAGEL, Assistant Attorney General, and ELMER
C. KISSANE and JOHN McCLORY, Assistant State's At-
torneys, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the
court:

Based principally upon evidence taken from his person
under authority of a search warrant, defendant, James Tate,
was charged, tried and found guilty in the circuit court of
Cook County of knowingly possessing policy tickets in vio-
lation of the gambling article of our Criminal Code. (Ill.

Rev. Stat. 1967, ch. 38, par. 28—1(a)(8).) He has appealed, contending that the denial of a motion to quash the warrant and to suppress the evidence resulted in an infringement upon his constitutional rights against unreasonable search and seizure. The single issue presented is the sufficiency of the complaint for the warrant to establish probable cause for its issuance. (See: U.S. Const., amend. IV; Const. of Ill., art. II, sec. 6.) And in approaching the problem, we are mindful of the injunction of the court in *Aguilar* v. *Texas,* 378 U.S. 108, 110—111, 12 L. Ed. 2d 723, 726, 84 S. Ct. 1509, when it said: "An evaluation of the constitutionality of a search warrant should begin with the rule that 'the informed and deliberate determinations of magistrates empowered to issue warrants * * * are to be preferred over the hurried action of officers * * * who may happen to make arrests.' *United States* v. *Lefkowitz,* 285 U.S. 452, 464, 76 L. Ed. 877, 882, 52 S. Ct. 420, 82 A.L.R. 775. The reasons for this rule go to the foundations of the Fourth Amendment." See also: *United States* v. *Ventresca,* 380 U.S. 102, 105-106, 13 L. Ed. 2d 684, 85 S. Ct. 741; *People* v. *McGrain,* 38 Ill.2d 189, 193.

The complaint here, sworn to by police officer Brian Lundin, stated the following:

"* * * I am a Chicago Police Officer assigned to the Gambling Unit, VCD. On 17 June 68 while in the vicinity of 4600 So. Prairie Ave. I observed James Tate a known policy runner driving his automobile. I immediately initiated a surveillance and I observed Mr. Tate make several stops in the surrounding vicinity. Mr. Tate would enter various apartment buildings, remain inside a few minutes and depart. I counted Mr. Tate make ten (10) of these stops.

"On 18 June 68 this investigation was repeated and heretofore mentioned activities were repeated.

"On 19 June 68 at 2:00 PM I waited at 4601 So. Prairie Ave. After Mr. Tate entered the premises, deposited a quantity of policy result tickets in the hallway and de-

parted I was able to retrieve one (1) of these policy result tickets. Same was stamped Windy City-Big Town & Subway. I marked this ticket for identification and a xerox copy is made part of this complaint. Based on the above investigation and observation, I believe that Mr. Tate is engaging in illegal policy gambling operations and is in possession of policy gambling paraphernalia."

On the basis of such complaint a warrant issued which commanded the search of defendant's person and automobile and the seizure of policy result tickets, policy bet writings, policy bet money and other related paraphernalia used in gambling by policy. Defendant, tacitly conceding that the complaint sufficiently describes the crime involved, the place and/or person to be searched and the things to be seized, (see: Ill. Rev. Stat. 1967, ch. 38, par. 108—3,) narrowly attacks it on the ground that its allegations of probable cause are merely the unsupported conclusions of the complainant.

"Probable cause" encompasses a belief that an offense has been committed and that the defendant committed it, and, as stated in *Giordenello* v. *United States,* 357 U.S. 480, 486, 2 L. Ed. 2d 1503, 1509, 78 S. Ct. 1245: "The purpose of the complaint, then, is to enable the appropriate magistrate, here a Commissioner, to determine whether the 'probable cause' required to support a warrant exists. The Commissioner [magistrate] must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause." Accordingly, it may be agreed that probable cause cannot be established by a complaint for a search warrant which is purely conclusory in stating the affiant's belief that probable cause exists, without detailing any of the underlying circumstances upon which that belief is based. (*United States* v. *Ventresca,* 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741; *People* v. *Close,* 60 Ill. App.2d 477.) Or, to put it another way, the examining magistrate cannot accept without question the unsupported conclusion

of the complainant that defendant has committed, or is committing, a crime.

The complaint here, however, is not subject to such vice, but contains persuasive supporting or underlying allegations of fact which permitted the magistrate to determine for himself that probable cause existed.

The trial court did not err in denying the motion to quash and suppress, and, in the absence of any further claims of error, the judgment of conviction is affirmed.

*Judgment affirmed.*