(No. 78350.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SUSAN ROSS, Appellee.

*Opinion filed December 21, 1995.*

HARRISON, J., took no part.

Roland Burris and James Ryan, Attorneys General, of Springfield, and Greg McClintock, State's Attorney, of Monmouth (Norbert J. Goetten, John X. Breslin and Lawrence M. Kaschak, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

James G. Baber, of Stansell, Whitman & Baber, of Monmouth, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

In this case we are asked to determine whether anticipatory search warrants are permissible under Illinois law by virtue of section 108—3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/108—3 (West 1992)). The appellate court concluded that they are not. (267 Ill. App. 3d 711.) For the reasons set forth below, we affirm.

## Factual Background

The facts are not in dispute. On November 5, 1991, United Parcel Service (UPS) personnel mistakenly opened a next-day air letter. Suspecting that the letter contained cocaine, UPS contacted the West Central Illinois task force. Officers assigned to the task force conducted a field test which confirmed UPS's suspicions. Thereafter, the police, in conjunction with UPS, made arrangements to deliver the package to its addressee, Susan Ross, the defendant. Prior to the delivery, and prior to the commission of a crime by the defendant, the police obtained a search warrant for defendant's residence. The complaint for search warrant stated that once the contents of the next-day air letter had been delivered to defendant's residence, then probable cause would exist to search that location.

At approximately 2:15 p.m. on November 5, UPS delivered the next-day air letter to defendant. About five minutes later, the search warrant was executed at defendant's residence, and the letter containing cocaine was retrieved by the police officers.

Defendant was charged, in the circuit court of Warren County, with knowingly and unlawfully possessing less than 200 grams of a controlled substance (720 ILCS 570/402(c) (West 1992)). She filed a pretrial motion to suppress the evidence, which the trial court granted. The appellate court, in affirming the trial court's order,

concluded that anticipatory search warrants are not permissible under section 108—3 of the Code of Criminal Procedure and that, even if they were, the warrant issued in the instant case was not sufficiently specific to protect defendant's fourth amendment rights. 267 Ill. App. 3d 711.

## Analysis

An anticipatory search warrant has been defined as a warrant based upon an affidavit showing probable cause that at some future time, but not presently, certain evidence of a crime will be located at a specified place. (*People v. Woods* (1991), 217 Ill. App. 3d 561, quoting 2 W. LaFave, Search & Seizure § 3.7(c), at 94 (2d ed. 1987).) The issue presented in this appeal—whether anticipatory search warrants are permissible by virtue of section 108—3 of the Code of Criminal Procedure—is one of first impression.

Our analysis begins with the language of the statute at issue. Section 108—3(a)(1) provides, in pertinent part:

"§ 108—3. Grounds for Search Warrant. (a) *** [U]pon the written complaint of any person under oath or affirmation which states facts sufficient to show probable cause and which particularly describes the place or person, or both, to be searched and the things to be seized, any judge may issue a search warrant for the seizure of the following:

(1) Any instruments, articles or things which have been used in the commission of, or which may constitute evidence of, the offense in connection with which the warrant is issued." 725 ILCS 5/108—3(a)(1) (West 1992).

It is axiomatic that the purpose of statutory construction is to give effect to the intent of the legislature and that this intent is best ascertained from the plain language of the statute. The parties to the present appeal, however, dispute the import of the language in section 108—3.

The State insists that the statute plainly permits

anticipatory warrants. In support, the State first argues that the statute does not prohibit anticipatory search warrants and that, if the legislature intended to prohibit such warrants, it would have included prohibitory language in the statute. Second, the State argues that the legislature, in drafting the statute, was concerned not with whether a crime has already occurred, but with whether the facts outlined in the complaint for the search warrant serve as an adequate basis to establish probable cause. To buttress this contention, the State concentrates on section 108—3's admonition that the underlying complaint "state facts sufficient to show probable cause" before a warrant may be issued for things "which may constitute evidence of[ ] the offense." According to the State, "may constitute evidence of[ ] the offense" contemplates that the crime need not occur until some future time.

On the other hand, defendant asserts that the statute plainly prohibits anticipatory search warrants. Defendant emphasizes that section 108—3(a)(1) states that probable cause must exist to search for articles "which *have been used* in the commission of, or which may constitute evidence of, *the offense in connection with which the warrant is issued.*" (Emphasis added.) (725 ILCS 5/108—3(a)(1) (West 1992).) According to defendant, the plain language requires the prior commission of a crime before a warrant may issue not only because the statute is framed in the past tense but also because it describes articles used in the commission of or evidence of "the offense." Use of the words "the offense" denotes that an offense must have already been committed.

The State's construction of the statute is reasonable. So too, however, is defendant's construction of the statute. In its brief before this court, the State finds fault with the appellate court's failure to accept its "alternative" interpretation of the statute. However, a court is

not required to accept the State's construction of a statute over the equally reasonable construction of the opposing party. When parties present evenly plausible but divergent interpretations of the same statutory language, a court may find the statute ambiguous, as did the appellate court in the instant case. (See *People v. Jameson* (1994), 162 Ill. 2d 282, 288 (reasoning that a statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses).) Our review indicates that the appellate court did not err in finding section 108—3 ambiguous.[2]

When a statute is ambiguous, it is appropriate to look to other sources to ascertain legislative intent. (*Jameson*, 162 Ill. 2d at 288.) One such source is the committee comments to the statute, which, although not binding upon this court, are persuasive authority. *People v. Davis* (1980), 82 Ill. 2d 534, 537.

The committee comments support the defendant's position and undermine that of the State. These committee comments state, in pertinent part:

> "This subparagraph follows existing case law to the extent that it requires a crime to have been committed. (See Lippman v. People, 175 Ill. 101, 51 N.E. 872 (1898).) In this respect the proposed language diverges from that found in Federal Rule 41(b)(2) and (3)." (725 ILCS Ann. 5/108—

---

[2]Section 108—3's ambiguity is further revealed by contrasting it with Rule 41(b) of the Federal Rules of Criminal Procedure, which explicitly sanctions the use of anticipatory search warrants. This rule provides: "(b) Property of Persons Which May Be Seized With a Warrant. A warrant may be issued under the rule to search for and seize any (1) property that constitutes evidence of the commission of a criminal offense; or (2) contraband, the fruits of crime, or things otherwise criminally possessed; or (3) *property designed or intended for use or which is or has been used as the means of committing a criminal offense*; or (4) person for whose arrest there is probable cause, or who is unlawfully restrained." (Emphasis added.) Fed. R. Crim. Proc. 41(b).

3(a), Committee Comments—1963, at 695 (Smith-Hurd 1992).)

These statements plainly indicate the legislature's intent that, before a search warrant can be issued, a crime must have been committed.

The State contends that this court should not rely on these committee comments, suggesting that both the legislature and the appellate court below misapprehended this court's decision in *Lippman.* According to the State, *Lippman* merely enunciates general principles of law applicable to the issuance of nonanticipatory search warrants. We disagree. The *Lippman* court, in discussing the propriety of search warrants in general, stated that "[a] search warrant can only be granted after a showing made before a magistrate, under oath, *that a crime has been committed,* and the law, in requiring a showing of probable cause, supported by affidavit, intends that facts shall be stated which shall satisfy the magistrate that suspicion is well founded." (Emphasis added.) *Lippman v. People* (1898), 175 Ill. 101, 112.

Moreover, it is significant that this court has never retreated from the principle set forth in *Lippman, i.e.,* that a search warrant may only be issued after a crime has been committed. (See, *e.g., People v. George* (1971), 49 Ill. 2d 372, 377 (finding a search warrant invalid where there were no facts set forth in the complaint from which it could be concluded that a crime had been committed); *People v. Elias* (1925), 316 Ill. 376, 381 (holding that probable cause does not exist unless the magistrate is convinced by competent evidence that there is a reasonable ground to suspect that the accused is guilty of the offense charged).) As such, and contrary to the State's assertion, the appellate court's reliance on this line of cases in determining the legislature's intent in enacting section 108—3 was wholly appropriate. Equally unavailing to the State are two recent appellate court cases, *People v. Galdine* (1991), 212 Ill. App. 3d 472, and

*People v. Martini* (1994), 265 Ill. App. 3d 698, which have suggested, without addressing section 108—3, that anticipatory search warrants are *constitutionally* valid. The relevant question is whether anticipatory search warrants are *statutorily* valid in light of section 108—3. The legislative history of section 108—3 and this court's continued adherence to the principle espoused in *Lippman* convinces us that they are not.

In summary, we decline the State's invitation to rewrite section 108—3 and to recognize anticipatory search warrants in Illinois, a task that is properly within the province of the General Assembly. Since we conclude that anticipatory search warrants are impermissible, the warrant issued in the instant case was void *ab initio* and the trial court properly suppressed the evidence obtained thereby. In light of this conclusion, we need not address the secondary issue raised in this appeal, to wit, whether the instant warrant was invalid for its lack of specificity.

Accordingly, the judgment of the appellate court is affirmed.

*Affirmed.*

JUSTICE HARRISON took no part in the consideration or decision of this case.