THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JODI KAE CARLSON, Defendant-Appellee.

Second District    No. 2—96—0307

Opinion filed April 28, 1997.

David R. Akemann, State's Attorney, of St. Charles (William L. Browers, John X. Breslin, and Cynthia N. Schneider, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, and Kathleen Colton, of Batavia, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

The State appeals an order suppressing evidence recovered during a search that was executed pursuant to an anticipatory search warrant. The evidence recovered in the search resulted in the arrest of defendant, Jodi Kae Carlson. The supreme court later determined that anticipatory search warrants are statutorily impermissible in Illinois, and the State now argues that the trial court should have applied the good-faith exception to the exclusionary rule. We reverse and remand.

On July 26, 1994, defendant was indicted for the unlawful possession of a controlled substance (psilocybin) with the intent to deliver (720 ILCS 570/401(a)(11) (West 1994)) and the unlawful possession of a controlled substance (psilocybin) (720 ILCS 570/402(a)(11) (West 1994)). On February 22, 1995, defendant filed a motion to suppress evidence, alleging that the police had searched her home pursuant to an anticipatory search warrant and that anticipatory warrants are statutorily prohibited in Illinois.

The warrant was issued based on the affidavit of Special Agent Joseph Bolino of the Illinois State Police. Bolino stated in his affidavit that on July 12, 1994, he was contacted by Mark Zielke, a United

States postal inspector. Zielke told Bolino that he had searched an express mail parcel addressed to "Jodi Davis, 804 Midway Drive, Batavia, Illinois 60510." Zielke had obtained probable cause to search the package through the use of a narcotics-trained police dog and then applied for and received a federal search warrant to search the package. The package contained approximately 400 grams of psilocybin.

Bolino further stated that a United States postal inspector, wearing the uniform of a United States postal carrier, would deliver the package to 804 Midway Drive in Batavia on July 13, 1994, and attempt to obtain a signature from the occupant of that address. According to the affidavit, postal carrier Bill Dahl had observed mail addressed to Jodi Davis and Jodi Carlson delivered to 804 Midway Drive. Bolino conducted a computer search of the Secretary of State's data base and located a Jodi Carlson at 804 Midway Drive in Batavia. The affidavit further contained a description of the residence, obtained by Sergeant Mark Henry of the Illinois State Police. Henry also observed a vehicle parked at the residence and discovered that it was registered to Allan Carlson of Hudson, Wisconsin. Bolino requested an anticipatory search warrant to be executed only upon the condition that the package was delivered by the United States postal inspector to 804 Midway Drive in Batavia and accepted by an occupant of the residence. The affidavit ends with the statement that "This Search Warrant Shall Not Be Executed Unless All Of The Above Conditions Are Complied With." The affidavit is signed by Bolino and the judge.

With the affidavit, Bolino submitted a complaint for a search warrant, in which he described the residence and asked for permission to search for and seize (1) psilocybin mushrooms or substances containing psilocybin mushrooms; (2) paraphernalia used in the manufacture, processing, delivery, and/or use of psilocybin or substances containing psilocybin mushrooms; (3) any and all records of drug sales; (4) items indicative of residency and/or control of the above-described premises; (5) pagers with memory features, conventional and cellular telephones with memory/speed dial-redial features, answering machines, computers, and other electronic devices; and (6) books, records, receipts, notes, ledgers, and other papers relating to the transportation, ordering, purchase, and distribution of substances covered under the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq.* (West 1994)). The warrant was issued in accordance with the complaint, describing the residence at 804 Midway Drive and authorizing a search of that residence for the items described in the complaint. The warrant was issued at 9:25 a.m. on July 13, 1994, and executed at 10:35 a.m. that same day.

The State filed a response to the motion to suppress in which it argued that in *People v. Martini*, 265 Ill. App. 3d 698 (1994), this appellate district had found anticipatory search warrants to be constitutionally valid. The Appellate Court, Third District, later held in *People v. Ross*, 267 Ill. App. 3d 711 (1994), that, although anticipatory search warrants pass constitutional muster, they are not permitted under the relevant Illinois statute, section 108—3 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/108—3 (West 1994)). (The statute has since been amended, effective August 18, 1995, to include language that would permit anticipatory warrants. See 725 ILCS 5/108—3 (West Supp. 1995).) The State argued that the trial court should follow *Martini* and find that anticipatory warrants are valid. Alternatively, the State argued that, if the trial court followed *Ross*, the court should apply the statutory good-faith exception to the exclusionary rule—sections 114—12(b)(1) and (b)(2) of the Code (725 ILCS 5/114—12(b)(1), (b)(2) (West 1994)). Defendant filed a response in which she argued that *Martini* addressed the validity of anticipatory warrants only under the state and federal constitutions and that *Ross* was the only published case that considered the statutory validity of anticipatory warrants. The trial court followed *Martini* and denied the motion to suppress.

Seven days after the trial court denied the motion, the supreme court affirmed *Ross* (*People v. Ross*, 168 Ill. 2d 347 (1995)), ruling that anticipatory search warrants are not permitted by section 108—3. Defendant filed a motion to reconsider, asking the trial court to reexamine its ruling in light of *Ross*. The trial court granted the motion and suppressed the evidence obtained pursuant to the invalid warrant. The State filed a motion to reconsider, arguing that the court should apply the good-faith exception. The court denied the motion on March 12, 1996. The State then filed a notice of appeal and a certificate of impairment.

■ On appeal, the State argues that the trial court erred in suppressing the evidence recovered pursuant to the anticipatory search warrant because the officers relied in good faith on the warrant. We agree. An anticipatory search warrant is a warrant that is based on an affidavit showing probable cause that at some future time evidence of a crime will be at a certain place. *Ross*, 168 Ill. 2d at 350; 2 W. LaFave, Search & Seizure § 3.7(c), at 362 (3d ed. 1996). This court has previously adopted the majority view that anticipatory search warrants are constitutional. See *Martini*, 265 Ill. App. 3d 698; *People v. Galdine*, 212 Ill. App. 3d 472 (1991) (collecting cases). As previously stated, the Appellate Court, Third District, later held that, although constitutionally permissible, anticipatory warrants were not permit-

ted by section 108—3 (*Ross*, 267 Ill. App. 3d at 715), and the supreme court agreed (*Ross*, 168 Ill. 2d at 354). In *Ross*, the supreme court initially determined that section 108—3 was ambiguous. The State had argued that the plain language of the statute would allow an anticipatory warrant, while defendant argued that the plain language of the statute required that a crime must have been committed before a warrant could issue. The supreme court stated that both constructions of the statute were reasonable and evenly plausible. The court then looked to legislative intent and determined that defendant's construction of the statute was correct. Thus, the court declared the warrant invalid and upheld the suppression of the evidence. *Ross*, 168 Ill. 2d at 351-54.

Nevertheless, *Ross* did not consider whether the good-faith exception to the exclusionary rule was applicable. In *People v. Nwosu*, 284 Ill. App. 3d 538 (1996), the Appellate Court, First District, was faced with this issue and found the good-faith exception applicable. In *Nwosu*, as in this case, the anticipatory warrant was obtained and executed before either the third district or the supreme court had declared such warrants to be statutorily invalid. *Nwosu* relied primarily on *Illinois v. Krull*, 480 U.S. 340, 94 L. Ed. 2d 364, 107 S. Ct. 1160 (1987), in which the Supreme Court extended the good-faith exception to a situation in which the officers relied on a statute authorizing a warrantless administrative search and the statute was later declared unconstitutional. The *Nwosu* court concluded that there was no difference between applying the good-faith exception to a search pursuant to a statute later declared unconstitutional and a search pursuant to a statute later found to be ambiguous. *Nwosu*, 284 Ill. App. 3d at 543. However, in *People v. Krueger*, 175 Ill. 2d 60, 70-76 (1996), the supreme court agreed with our holding in *People v. McGee*, 268 Ill. App. 3d 32 (1994), that the *Krull* good-faith exception is incompatible with our state constitutional guarantee against unreasonable invasions of privacy (Ill. Const. 1970, art. I, § 6). Pursuant to *Krueger*, the supreme court vacated *Nwosu* and ordered the first district to reconsider its decision. 171 Ill. 2d 578. *Krueger* does not affect our analysis because, while we agree with the first district that the good-faith exception should apply in this situation, we find that *Nwosu* erred in relying on *Krull*. Both *Krueger* and *Krull* involved searches based on statutes that were later declared unconstitutional. Here, the statute was not invalidated; it was merely interpreted as not permitting anticipatory search warrants. *Krueger* and *Krull* were concerned with statutes that authorized *unconstitutional* searches and seizures, while this case involves anticipatory search warrants, which have already been found to be constitutional. Here, the officers

were relying on a warrant, the type of which was later declared invalid pursuant to a statutory interpretation. Therefore, we find that a traditional good-faith analysis, pursuant to *United States v. Leon*, 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984), is appropriate. (In *Krueger*, the supreme court reiterated that the *Leon* good-faith exception is still valid in Illinois. See *Krueger*, 175 Ill. 2d at 76.)

■ The Supreme Court first articulated the good-faith exception to the exclusionary rule in *Leon* and its companion case, *Massachusetts v. Sheppard*, 468 U.S. 981, 82 L. Ed. 2d 737, 104 S. Ct. 3424 (1984). The court held that evidence should not be excluded when obtained by the police in objective good-faith reliance on a subsequently invalidated search warrant. *Leon*, 468 U.S. at 922, 82 L. Ed. 2d at 698, 104 S. Ct. at 3420; *Sheppard*, 468 U.S. at 987-88, 82 L. Ed. 2d at 743, 104 S. Ct. at 3427. In *Leon*, the police relied on a warrant that was ultimately found to be unsupported by probable cause. In *Sheppard*, the police relied on a warrant that was defective in that it varied from the warrant affidavit and misstated the items that could be seized. The police relied on assurances from the trial judge that he had corrected the warrant form and that it authorized the search they requested. In both cases the court found that the evidence should not be suppressed because the police acted in objective good faith in obtaining the warrants and were entitled to rely on them.

Our supreme court adopted *Leon* in *People v. Stewart*, 104 Ill. 2d 463, 477 (1984), and the legislature enacted a statutory form of the good-faith exception (725 ILCS 5/114—12(b)(1), (b)(2) (West 1994)). The supreme court has stated that the statute codifies *Leon* (*People v. Turnage*, 162 Ill. 2d 299, 306 (1994)), although the statute is worded somewhat differently. Section 114—12(b)(1) provides that the court should not suppress otherwise admissible evidence if it was seized by a peace officer acting in good faith. The statute then provides two definitions of good faith. The one applicable to this case provides:

" 'Good faith' means whenever a peace officer obtains evidence:

(i) pursuant to a search or an arrest warrant obtained from a neutral and detached judge, which warrant is free from obvious defects other than non-deliberate errors in preparation and contains no material misrepresentation by any agent of the State, and the officer reasonably believed the warrant to be valid[.]" 725 ILCS 5/114—12(b)(2)(i) (West 1994).

■ We believe this case falls within the parameters of the good-faith exception under both the *Leon/ Sheppard* test and the statutory definition. Applying the *Leon/ Sheppard* test, the police acted in objective good-faith reliance on a search warrant, the type of which was later found to be invalid. Applying the statutory definition, the police

obtained a warrant from a neutral and detached judge, the warrant was free from obvious defects (anticipatory warrants were not yet declared invalid), contained no material misrepresentations, and the officers could have reasonably believed that the warrant was valid. In fact, it is difficult to imagine a more compelling situation for application of the good-faith exception. Here, when the police obtained the warrant, the only case law on anticipatory warrants upheld them as valid. Further, the supreme court specifically stated in *Ross* that it would be reasonable to interpret the statute as allowing anticipatory warrants and that such an interpretation was equally as plausible as determining that the statute did not permit anticipatory warrants. Therefore, the police and the court were relying on case law upholding the constitutionality of anticipatory warrants and a statutory interpretation that the supreme court found to be reasonable. Thus, it is beyond question that the police were acting in objective good faith when they procured the warrant.

Further, in *Leon* the court stated that the purpose of the exclusionary rule is to deter police misconduct rather than to punish the errors of magistrates and judges (*Leon*, 468 U.S. at 916, 82 L. Ed. 2d at 694, 104 S. Ct. at 3417) and that "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule" (*Leon*, 468 U.S. at 918, 82 L. Ed. 2d at 695, 104 S. Ct. at 3418). For two reasons that are immediately apparent, excluding the evidence in this case would in no way deter police misconduct. First, there was no police misconduct. The police had direction from the appellate court that anticipatory warrants were permissible. Second, anticipatory warrants are now statutorily valid. Following the third district's opinion in *Ross*, the legislature amended the statute to include language that would allow for anticipatory warrants. See 725 ILCS 5/108—3 (West Supp. 1995). The amended version of the statute became effective on August 18, 1995. Suppressing the evidence in this case would not deter police misconduct and thus would not further the purposes of the exclusionary rule. Professor LaFave has stated that "there is one situation in which it is quite clear—and, unquestionably, quite appropriate—that the officer's good faith should prevail even though the warrant is definitely invalid: where the invalidity is grounded in a court decision handed down *after* the warrant was issued." (Emphasis in original.) 1 W. LaFave, Search & Seizure § 1.3(f), at 92 (3d ed. 1996). Although one could argue that here the warrant's invalidity was grounded in the statute itself and not in the court's decision, it was unsettled until the *Ross* decision how the statute should be inter-

preted, and the supreme court found both interpretations to be reasonable.

*Leon* identified four situations in which the good-faith exception should not be applied: (1) where the affiant misleads the judge or magistrate by using information he knew was false or would have known was false except for a reckless disregard for the truth; (2) where the issuing judge or magistrate wholly abandons his judicial role; (3) where the warrant affidavit is so lacking in probable cause that official belief in the existence of probable cause would be entirely unreasonable; and (4) where the warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. *Leon*, 468 U.S. at 923, 82 L. Ed. 2d at 698-99, 104 S. Ct. at 3421. We find none of these exceptions applicable to the facts of this case.

As further support for our approach to this issue as opposed to the first district's analysis, we note that the Supreme Court of Missouri also used a *Leon* analysis in the same situation. In *State v. Sweeney*, 701 S.W.2d 420 (Mo. 1985), the court was faced with the same issue that our supreme court was in *Ross*: whether anticipatory search warrants were permissible under its statutory search warrant provisions. The *Sweeney* court ultimately declined to address the issue because it concluded that, even if anticipatory warrants were statutorily impermissible, the *Leon* good-faith exception would apply. After concluding that reasonable men could differ as to the meaning of the statute, the court held that, assuming the warrant was invalid under the statute, the exclusionary rule would not bar the introduction of evidence seized by officers who reasonably relied on the warrant. The court further found that none of the four *Leon* exceptions applied and that the trial court properly admitted evidence "seized by officers acting in good faith on what they reasonably believed was a valid search warrant." *Sweeney*, 701 S.W.2d at 426.

Finally, defendant has suggested that the officers could not in good faith rely on the warrant because it was not even valid as an anticipatory warrant. The warrant authorized a search of 804 Midway Drive in Batavia for the items previously mentioned. However, the warrant did not condition its execution upon the officers first delivering the package. With no citation of authority, defendant argues that the warrant should not be read in light of the warrant affidavit because it is the warrant itself that authorizes the search. The law is contrary to defendant's position. We have held that reference to the warrant affidavit is permissible in determining the validity of the warrant. *People v. Bauer*, 102 Ill. App. 3d 31, 34 (1981). In *United States v. Moetamedi*, 46 F.3d 225 (2d Cir. 1995), the court considered whether an anticipatory search warrant was invalid

because the conditions precedent to its execution were not stated in the warrant. The court concluded that such a warrant is valid as long as two conditions are met: (1) clear, explicit, narrowly drawn conditions for the warrant's execution are in the affidavit that applies for the warrant and (2) the conditions are satisfied before the warrant is executed. *Moetamedi*, 46 F.3d at 229; see also *United States v. Tagbering*, 985 F.2d 946, 950 (8th Cir. 1993) (reference to warrant affidavit proper when conditions precedent to the execution of the anticipatory warrant are stated in the affidavit rather than the warrant and the affidavit was signed by the judge who issued the warrant). Here, the warrant affidavit listed the condition that the warrant would not be executed unless the package was delivered to 804 Midway Drive in Batavia, Illinois, and accepted by an occupant of that residence. Further, the warrant affidavit was signed by the judge who issued the warrant. Defendant does not dispute that the officers did not search the residence until after the package was delivered. Consistent with the approach taken in *Moetamedi* and *Tagbering*, we do not believe the warrant was invalid because the warrant itself failed to state the conditions precedent for its execution. Therefore, we reject defendant's argument that the officers could not in good faith rely on the warrant.

In sum, we hold that the good-faith exception to the exclusionary rule applies when the police rely on an anticipatory search warrant that was issued before such warrants were declared to be statutorily invalid. Accordingly, we find that the trial court erred in suppressing the evidence obtained pursuant to the anticipatory warrant.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GEIGER, P.J., and COLWELL, J., concur.