(No. 83093

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JODI KAE CARLSON, Appellant.

*Opinion filed February 19, 1999.*

RATHJE, J., took no part.
HEIPLE, J., joined by HARRISON, J., dissenting.

Kathleen Colton, of Batavia, for appellant.

James E. Ryan, Attorney General, of Springfield, and David R. Akemann, State's Attorney, of St. Charles (Barbara Preiner, Solicitor General, and William L. Browers and Lisa Anne Hoffman, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

In *People v. Ross*, 168 Ill. 2d 347 (1995), this court held that section 108—3(a)(1) of the Code of Criminal Procedure of 1963 (725 ILCS 5/108—3(a)(1) (West 1992)) does not authorize issuance of anticipatory search war-

rants. The issue in this case is whether evidence seized pursuant to an anticipatory search warrant issued and executed *prior* to our decision in *Ross* may be admitted into evidence pursuant to the good-faith exception to the exclusionary rule. We hold that such evidence is admissible under the good-faith exception.

## FACTS

The Illinois State Police obtained a warrant to search defendant Jodi Kae Carlson's residence for, *inter alia,* psilocybin mushrooms, a controlled substance. The warrant was issued based on the affidavit of Special Agent Joseph Bolino. According to Agent Bolino's affidavit, a United States postal inspector searched an express mail package addressed to "Jodi Davis, 804 Midway Drive, Batavia, Illinois 60510." The postal inspector had applied for and received a federal search warrant to search the package after a narcotics-trained police dog had alerted to it. The package contained approximately 400 grams of psilocybin. The postal inspector resealed the package and contacted Agent Bolino. The next day, Agent Bolino applied to the circuit court of Kane County for the search warrant.

Agent Bolino's affidavit further stated that he conducted a computer search of the Secretary of State's data base and located a Jodi Carlson at 804 Midway Drive in Batavia. Agent Bolino requested issuance of an anticipatory search warrant to be executed only upon the conditions that a postal inspector, posing as a postal carrier, deliver the package to 804 Midway Drive in Batavia, and that an occupant of the residence accept the package. The affidavit also described defendant's residence. The warrant was issued at 9:25 a.m. on July 13, 1994, and executed at 10:35 a.m. that same day.

After the police executed the warrant, defendant was arrested and charged in the circuit court of Kane County with unlawful possession of a controlled substance (720

ILCS 570/402(a)(11) (West 1994)) and unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(11) (West 1994)). Defendant filed a motion to quash the search warrant and suppress the evidence seized pursuant to the warrant. The circuit court initially denied defendant's motion. Shortly thereafter, however, this court delivered the opinion in *Ross*, holding that anticipatory search warrants were not authorized by statute and are therefore invalid. See *Ross*, 168 Ill. 2d 347. Based on *Ross*, defendant moved for reconsideration of the denial of her motion to suppress. The circuit court granted the motion for reconsideration and suppressed the evidence in question. The State filed a motion to reconsider, arguing that the evidence should be admissible under the good-faith exception to the exclusionary rule. The circuit court denied the motion.

The State filed a certificate of impairment and appealed pursuant to Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)). The appellate court reversed the circuit court's suppression order. 287 Ill. App. 3d 700. We allowed defendant's petition for leave to appeal. 166 Ill. 2d R. 315. For the reasons set forth below, we affirm the judgment of the appellate court.

## ANALYSIS

An anticipatory search warrant is a warrant based upon an affidavit showing probable cause that at a future time certain evidence of a crime will be located at a specific place. 2 W. LaFave, Search & Seizure § 3.7(c), at 362 (3d ed. 1996). A common situation in which police officers seek anticipatory search warrants is where postal authorities notify the police that they have intercepted from the mail a package containing drugs. The police then seek issuance of a search warrant to be executed when the intercepted package is delivered. See 2 W. LaFave, Search & Seizure § 3.7(c), at 362-63, 363 n.92 (3d ed. 1996) (collecting cases).

Section 108—3(a)(1) of the Code of Criminal Procedure of 1963 (Code) governs the issuance of search warrants in Illinois. At the time the anticipatory search warrant in this case was issued, section 108—3(a)(1) authorized search warrants for the seizure of "[a]ny instruments, articles or things which have been used in the commission of, or which may constitute evidence of, the offense in connection with which the warrant is issued." 725 ILCS 5/108—3(a)(1) (West 1992). In *Ross*, we held that this language did not authorize the issuance of anticipatory search warrants. *Ross*, 168 Ill. 2d at 353-54.[1]

It is undisputed that, pursuant to *Ross*, the anticipatory search warrant in this case was not authorized by statute. Therefore, defendant argues, the evidence seized pursuant to the invalid anticipatory search warrant should be inadmissible under the exclusionary rule. The State, however, argues that this evidence is admissible under the good-faith exception to the exclusionary rule as set forth in *United States v. Leon*, 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984). In *Leon*, the United States Supreme Court held that the fourth amendment exclusionary rule does not bar evidence obtained by a police officer who reasonably relied, in objective good faith, on a search warrant issued by a neutral and detached magistrate, but later found to be unsupported by probable cause. *Leon*, 468 U.S. at 919-22, 82 L. Ed. 2d at 696-98, 104 S. Ct. at 3418-20. Defendant, relying on *People v. Krueger*, 175 Ill. 2d 60 (1996), responds that the good-

[1]Subsequent to the issuance of the warrant in this case, the General Assembly amended section 108—3(a)(1) to additionally allow the seizure of "instruments, articles or things *designed or intended for use* *** in the commission of *** the offense in connection with which the warrant is issued; or contraband, the fruits of crime, or things otherwise criminally possessed." (Emphasis added.) 725 ILCS 5/108—3(a)(1) (West 1996). This amendment is not at issue here.

faith exception is not applicable here because of the nature of the holding in *Ross*.

A circuit court's ruling on a motion to quash arrest and suppress evidence is generally subject to reversal on appeal only if manifestly erroneous. *People v. Wright*, 183 Ill. 2d 16, 21 (1998). Where only a question of law is involved, however, the circuit court's ruling is subject to *de novo* review. See *Wright*, 183 Ill. 2d at 21. In this case, the issue raised is a question of law, and our review is therefore *de novo*. See *Krueger*, 175 Ill. 2d at 64.

I. Constitutionality of Anticipatory Search Warrants

Defendant contends that evidence seized pursuant to an anticipatory search warrant issued and executed prior to our decision in *Ross* is not admissible under the *Leon* good-faith exception to the exclusionary rule. In support, defendant argues that the anticipatory search warrant in this case was void *ab initio* because a crime had not been committed when the judge issued it. This, of course, is true of all anticipatory search warrants. In essence, defendant contends that anticipatory search warrants are unconstitutional. We note that, in *Ross*, we held that anticipatory search warrants were *statutorily* invalid, not that they were *constitutionally* invalid. Defendant asserts, however, that the analysis in *Ross* depended in part on Illinois constitutional principles. Specifically, defendant points out that *Ross* relied upon legislative history indicating that the drafters of the statute governing search warrants intended to follow the applicable existing case law, *i.e.*, *Lippman v. People*, 175 Ill. 101, 113 (1898). That decision, in interpreting the search and seizure provision of the Illinois Constitution of 1870, stated that a search warrant may be issued only *after* a showing that a crime has been committed. See *Ross*, 168 Ill. 2d at 352-53. Thus, defendant argues, *Ross* found anticipatory search warrants to be not only statutorily invalid, but also violative of constitutional principles. We

disagree. We hold that anticipatory search warrants are valid under both the fourth amendment to the United States Constitution and article I, section 6, of the Illinois Constitution of 1970.

Initially, we note that this court has not previously addressed the constitutionality of anticipatory search warrants. Our appellate court has explicitly held that anticipatory search warrants are valid under the Illinois Constitution. See *People v. Martini*, 265 Ill. App. 3d 698, 707 (1994). Several federal courts and other state courts have likewise upheld the constitutionality of anticipatory search warrants. See, *e.g.*, *United States v. Hugoboom*, 112 F.3d 1081 (10th Cir. 1997); *United States v. Leidner*, 99 F.3d 1423 (7th Cir. 1996); *United States v. Gendron*, 18 F.3d 955 (1st Cir. 1994); *United States v. Tagbering*, 985 F.2d 946 (8th Cir. 1993); *United States v. Wylie*, 919 F.2d 969 (5th Cir. 1990); *United States v. Garcia*, 882 F.2d 699 (2d Cir. 1989); *United States v. Dornhofer*, 859 F.2d 1195 (4th Cir. 1988); *United States v. Hale*, 784 F.2d 1465 (9th Cir. 1986); *United States v. Lowe*, 575 F.2d 1193 (6th Cir. 1978); *United States ex rel. Beal v. Skaff*, 418 F.2d 430 (7th Cir. 1969); *State v. Parent*, 110 Nev. 119, 867 P.2d 1143 (1994); *State v. Stott*, 243 Neb. 967, 503 N.W.2d 822 (1993); *State v. Engel*, 465 N.W.2d 787 (S.D. 1991); *Bernie v. State*, 524 So. 2d 988 (Fla. 1988); *Commonwealth v. Soares*, 384 Mass. 149, 424 N.E.2d 221 (1981).

The fourth amendment to the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const., amend. IV. The search and seizure clause of the Illinois Constitution similarly provides: "The people shall have the right to be secure in their

persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means. No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized." Ill. Const. 1970, art. I, § 6. Accordingly, both the fourth amendment and the Illinois search and seizure clause set forth two underlying requirements: searches and seizures must be reasonable, and probable cause must support search warrants. Anticipatory search warrants do not violate either requirement.

First, a search and seizure conducted pursuant to an anticipatory search warrant is reasonable. Where police officers know that a package containing contraband is going to be delivered to a certain residence at a certain time, there is nothing inherently unreasonable about allowing the issuance of a search warrant which will be executed only upon the occurrence of these conditions. The other options available in this scenario have significant drawbacks. For instance, the police could apply for a search warrant after the package is delivered, or simply conduct no search at all. Both of these options present the possibility that law enforcement authorities will lose track of both the criminal and the contraband. See *Garcia*, 882 F.2d at 703. In addition, in some cases, the exigent circumstances exception to the warrant requirement may allow the police to conduct a lawful search without a warrant. See generally *People v. Foskey*, 136 Ill. 2d 66, 75 (1990) (listing factors to consider in determining whether exigent circumstances are present such that a warrant is not required). A search pursuant to an anticipatory search warrant, however, is more reasonable than proceeding under the exigent circumstances exception because a neutral judge, rather than a police officer acting in the heat of the moment, makes the criti-

cal determination of whether probable cause for a search exists. See *Gendron*, 18 F.3d at 965; *Garcia*, 882 F.2d at 702-03; *Martini*, 265 Ill. App. 3d at 706. Moreover, we find nothing inherently unreasonable about the option of obtaining an anticipatory search warrant, where, as discussed below, the police have probable cause to believe that a package containing contraband will be delivered to a certain place at a certain time.

Second, a properly issued anticipatory search warrant is based on probable cause. When a law enforcement official presents reliable evidence that a contraband delivery will occur at a certain place and at a certain time, and execution of the warrant is conditioned upon that delivery, there is sufficient probable cause to uphold the warrant. See *Garcia*, 882 F.2d at 702. The fact that the contraband is not presently at the residence described in the warrant at the time the warrant is issued is inconsequential. See *Garcia*, 882 F.2d at 702-03. The requirement that certain events must take place before the execution of an anticipatory search warrant assures that a search will take place *only* when justified by probable cause. See *Gendron*, 18 F.3d at 965. Indeed, the information necessary to support issuance of an anticipatory search warrant, *i.e.*, information regarding the known *future* location of the items to be seized, is more likely to establish that probable cause will exist at the time of the search than the information necessary to support issuance of a typical search warrant, *i.e.*, information regarding the known *prior* location of the items to be seized. See 2 W. LaFave, Search & Seizure § 3.7(c), at 366 (3d ed. 1996).

Nevertheless, defendant argues that language in *Lippman v. People*, 175 Ill. 101, 113 (1898), establishes that a search warrant may be issued only *after* a showing that a crime has been committed. The language upon which defendant relies is inapposite. The constitutionality of

anticipatory search warrants was not at issue in *Lippman*. Rather, *Lippman* addressed the constitutionality of a statute that allowed manufacturers, bottlers, and dealers in ale and certain other beverages to obtain a search warrant for missing property by merely making an oath in writing to a judge that they have reason to believe that the individual whose property is to be searched is using their trademark. *Lippman*, 175 Ill. at 110. In declaring the statute unconstitutional, the *Lippman* court reasoned in part that the statute does not even require the person obtaining the warrant to state that an offense has been committed. *Lippman*, 175 Ill. at 113. A careful reading of *Lippman*, however, reveals that the court's primary concern with that statute was that it failed to require probable cause for a search warrant. See *Lippman*, 175 Ill. at 112-13. As we have discussed, anticipatory search warrants do not suffer from a probable cause defect.

We therefore hold that anticipatory search warrants do not violate either the fourth amendment to the United States Constitution or the search and seizure clause of the Illinois Constitution.

II. Admissibility of Seized Evidence under the
Good-Faith Exception to the Exclusionary Rule

Although we hold that anticipatory search warrants are *constitutionally* valid, it is undisputed that the anticipatory search warrant in this case was *statutorily* invalid under our decision in *Ross*. Consequently, we must determine whether the evidence seized from defendant's residence pursuant to a statutorily invalid anticipatory search warrant is admissible under the good-faith exception to the exclusionary rule.

The United States Supreme Court first articulated the good-faith exception to the exclusionary rule in *United States v. Leon*, 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984). In *Leon*, the Supreme Court held

that the fourth amendment exclusionary rule does not bar evidence obtained by a police officer who reasonably relied, in objective good faith, on a search warrant issued by a neutral and detached magistrate, but later found to be unsupported by probable cause. *Leon*, 468 U.S. at 919-22, 82 L. Ed. 2d at 696-98, 104 S. Ct. at 3418-20. The Court in *Leon* noted that the purpose of the exclusionary rule is to deter police misconduct, not to punish the errors of magistrates and judges. *Leon*, 468 U.S. at 916, 82 L. Ed. 2d at 694, 104 S. Ct. at 3417. The exclusionary rule cannot deter a police officer who reasonably believes in good faith that he possesses a valid search warrant from conducting a search pursuant to this warrant. *Leon*, 468 U.S. at 918-21, 82 L. Ed. 2d at 696-97, 104 S. Ct. at 3418-19. This court adopted the *Leon* good-faith exception for Illinois in *People v. Stewart*, 104 Ill. 2d 463, 477 (1984). See also 725 ILCS 5/114—12(b)(1), (b)(2) (West 1996) (codifying *Leon*).

Later, in *Illinois v. Krull*, 480 U.S. 340, 94 L. Ed. 2d 364, 107 S. Ct. 1160 (1987), the United States Supreme Court extended the *Leon* good-faith exception. The Court held that the fourth amendment exclusionary rule does not bar evidence seized by a police officer who reasonably relied, in objective good faith, on a statute that authorized a warrantless administrative search, where the statute is later held unconstitutional. *Krull*, 480 U.S. at 349-50, 94 L. Ed. 2d at 375, 107 S. Ct. at 1167. The *Krull* majority concluded that application of the exclusionary rule in situations where police officers conducted a search in objective good faith reliance on a statute, which is only later declared unconstitutional, would not deter future police misconduct. *Krull*, 480 U.S. at 347-49, 94 L. Ed. 2d at 373-75, 107 S. Ct. at 1165-67.

This court in *People v. Krueger*, 175 Ill. 2d 60, 73-74 (1996), however, determined that the *Krull* good-faith exception is not compatible with the exclusionary rule

arising out of the Illinois Constitution (see Ill. Const. 1970, art. I, § 6). After declaring unconstitutional section 108—8(b)(2) of the Code (725 ILCS 5/108—8(b)(2) (West 1994) (allowing police to make "no-knock" entries under certain circumstances when executing a search warrant)), we held that evidence seized by virtue of an unconstitutional statute is not admissible under the good-faith exception to the exclusionary rule. *Krueger*, 175 Ill. 2d at 70.

Our opinion in *Krueger* discussed at length Justice O'Connor's dissent in *Krull*. See *Krueger*, 175 Ill. 2d at 72-73. Justice O'Connor explained that the extended good-faith exception to the fourth amendment exclusionary rule, as recognized by the *Krull* majority, provides a " 'grace period' " for unconstitutional search and seizure legislation, during which time the State can " 'violate constitutional requirements with impunity.' " *Krueger*, 175 Ill. 2d at 72, quoting *Krull*, 480 U.S. at 361, 94 L. Ed. 2d at 382, 107 S. Ct. at 1173 (O'Connor, J., dissenting, joined by Brennan, Marshall and Stevens, JJ.). Justice O'Connor then distinguished *Leon* from the situation in *Krull* on the ground that there is a " 'powerful historical basis for the exclusion of evidence gathered pursuant to a search authorized by an unconstitutional statute.' " *Krueger*, 175 Ill. 2d at 72, quoting *Krull*, 480 U.S. at 362, 94 L. Ed. 2d at 383, 107 S. Ct. at 1173 (O'Connor, J., dissenting, joined by Brennan, Marshall and Stevens, JJ.). "Not only were such statutes 'the core concern of the Framers of the Fourth Amendment,' the exclusionary rule had regularly been applied to suppress evidence gathered under unconstitutional statutes." *Krueger*, 175 Ill. 2d at 72, quoting *Krull*, 480 U.S. at 362-63, 94 L. Ed. 2d at 383-84, 107 S. Ct. at 1173-74 (O'Connor, J., dissenting, joined by Brennan, Marshall and Stevens, JJ.).

Based on reasoning similar to the reasoning in Justice

O'Connor's dissent, this court in *Krueger* declined to interpret our state constitution in lockstep with the *Krull* majority. *Krueger*, 175 Ill. 2d at 73-74. We explained that our state exclusionary rule has always been understood to bar evidence seized under the authority of an unconstitutional statute, and that to adopt *Krull*'s extended good-faith exception would drastically change this state's constitutional law. *Krueger*, 175 Ill. 2d at 74-75, citing *People v. Brocamp*, 307 Ill. 448 (1923). We then set forth the central basis for our rejection of *Krull*'s extended good-faith exception: "We are not willing to recognize an exception to our state exclusionary rule that will provide a grace period for unconstitutional search and seizure legislation, during which time our citizens' prized constitutional rights can be violated with impunity. We are particularly disturbed by the fact that such a grace period could last for several years and affect large numbers of people. This is simply too high a price for our citizens to pay." *Krueger*, 175 Ill. 2d at 75. Significantly, however, we explicitly noted in *Krueger* that our decision to reject the *Krull* extended good-faith exception "does not impact the *Leon* good-faith exception." *Krueger*, 175 Ill. 2d at 76.

Defendant argues that the *Krueger* rationale should be extended to apply to the instant case. Alluding to language in *Krueger* and in Justice O'Connor's dissent in *Krull*, defendant reasons that an invalid warrant resulting from a judicial error affects only one individual, whereas *Ross*'s declaration that anticipatory search warrants are statutorily invalid affects numerous individuals, including defendant. Defendant asserts that, since the reason for the invalidity of the warrant in her case resulted from legislative action, the evidence seized pursuant to this warrant should not be admissible under the *Leon* good-faith exception to the exclusionary rule. Defendant's argument is without merit.

Most importantly, application of the *Leon* good-faith exception in the instant case does not present the threat to our citizens' constitutional rights that was present in *Krueger*. Both *Krueger* and *Krull* involved searches that were based on statutes later declared unconstitutional. Conversely, the instant case involves a search that was based on a constitutional anticipatory search warrant. This court in *Ross* found anticipatory search warrants to be *statutorily* invalid, not *constitutionally* invalid. Illinois citizens were never subjected to a grace period during which their constitutional rights could be violated with impunity—the fundamental concern set forth by this court in *Krueger*.

Furthermore, defendant's argument rests upon two inaccurate premises. First, defendant asserts that the warrant in her case was invalid as a result of legislative action. This is not correct. Anticipatory search warrants were declared invalid in *Ross* because the legislature had never approved of their use. This is best described as legislative *inaction*. Certainly the legislature did nothing to threaten the constitutional rights of Illinois citizens in this regard. Second, defendant contends that *Krueger*'s rationale should apply here because large numbers of people may be affected by the holding in *Ross*. We disagree. The mere fact that large numbers of people may be affected was not dispositive in *Krueger*. Our concern in *Krueger* was that large numbers of people would be *subjected to unconstitutional searches and seizures* without any recourse. Defendant's argument must therefore be rejected.

We note that, if we were to accept defendant's position, we would implicitly be using *Krueger*'s rationale to swallow the *Leon* good-faith exception. In fact, defendant contended at oral argument that we should reject *Leon* entirely. We decline to do so. In *Krueger*, this court explicitly stated that our decision had no impact on *Leon*.

*Krueger*, 175 Ill. 2d at 76. Defendant offers no persuasive reason why we should depart from our previous adherence to the *Leon* good-faith exception. Consequently, the *Leon* good-faith exception remains valid.

We therefore apply the *Leon* good-faith exception to the facts here. The Illinois legislature codified the *Leon* good-faith exception in sections 114—12(b)(1) and (b)(2) of the Code (725 ILCS 5/114—12(b)(1), (b)(2) (West 1996)). Section 114—12(b)(1) provides that a court should not suppress otherwise admissible evidence if a police officer seized the evidence in good faith. Section 114—12(b)(2)(i) sets forth the definition of "good faith" applicable to the case at bar: " 'Good faith' means whenever a peace officer obtains evidence: (i) pursuant to a search or an arrest warrant obtained from a neutral and detached judge, which warrant is free from obvious defects other than non-deliberate errors in preparation and contains no material misrepresentation by any agent of the State, and the officer reasonably believed the warrant to be valid[.]" 725 ILCS 5/114—12(b)(2)(i) (West 1996). The actions of the police in this case meet this definition of good faith. The record reveals that the police obtained the anticipatory search warrant from a neutral and detached judge; the warrant was free from obvious defects; the warrant contained no material misrepresentations; and the police could have reasonably believed the warrant to be valid.

That the anticipatory search warrant was issued pursuant to the former section 108—3(a)(1) does not change our conclusion that the police acted in objective good-faith reliance on that warrant. At the time the police obtained the warrant, no Illinois case law held that anticipatory search warrants were statutorily or constitutionally invalid. Although this court in *Ross* ultimately concluded that the language of the former section 108—3(a)(1) did not authorize anticipatory search warrants,

we specifically stated that this statutory provision was subject to "evenly plausible but divergent interpretations" as to whether it allowed anticipatory search warrants. *Ross*, 168 Ill. 2d at 352. Therefore, the police could have reasonably believed that section 108—3(a)(1) specifically authorized the anticipatory search warrant that they executed.

Defendant nonetheless argues that the police could not have reasonably relied on the anticipatory search warrant because the warrant "was in fact not even an anticipatory warrant, listing no conditions whatsoever to limit the timing of its execution, in effect authorizing a search without probable cause and resulting in a facially invalid warrant." Defendant has cited no legal authority in support of this one-sentence argument. We therefore find the argument waived. See 155 Ill. 2d R. 341(e)(7); *People v. Felella*, 131 Ill. 2d 525, 540 (1989).

In sum, we hold that anticipatory search warrants are valid under both the fourth amendment to the United States Constitution and article I, section 6, of the Illinois Constitution. We further hold that the evidence seized in this case pursuant to the anticipatory search warrant issued and executed prior to our decision in *Ross* is admissible pursuant to the good-faith exception to the exclusionary rule. Accordingly, the circuit court erred in suppressing the evidence obtained pursuant to the anticipatory search warrant.

## CONCLUSION

For the reasons stated, we affirm the judgment of the appellate court, which reversed the judgment of the circuit court and remanded the cause to the circuit court for further proceedings.

*Affirmed.*

JUSTICE RATHJE took no part in the consideration or decision of this case.

JUSTICE HEIPLE, dissenting:

United States postal inspectors intercepted a package addressed to defendant and containing psilocybin mushrooms (a controlled substance). Before the package was delivered, Illinois State Police requested and obtained a so-called "anticipatory search warrant," that is, a warrant which authorized police to search defendant's home only after the contraband had been delivered to and accepted by an occupant of the residence. After the inspector delivered the package, police executed the warrant and seized the illegal mushrooms. The trial court suppressed this evidence but was reversed by the appellate court, which this court now affirms. I dissent.

The warrant at issue was issued and executed before this court's decision in *People v. Ross*, 168 Ill. 2d 347 (1985). In that case, we held that anticipatory search warrants were not authorized by section 108—3 of the Code of Criminal Procedure, as then in effect. This case presents the related question of whether evidence obtained pursuant to an anticipatory search warrant, issued and executed prior to our decision in *Ross*, is admissible against a defendant under the good-faith exception to the exclusionary rule.

Article I, section 6, of the Illinois Constitution of 1970 provides, "No warrant shall issue without probable cause." Ill. Const. 1970, art. I, § 6. See also U.S. Const., amend. IV. Today the majority construes this clear constitutional command to permit a judge to issue a search warrant *without* probable cause to believe that a crime has been committed. In so doing, the majority abandons more than 100 years of precedent interpreting the right of the people of this state "to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures [and] invasions of privacy." Ill. Const. 1970, art. I, § 6.

This court has had frequent occasion to consider the

type of probable cause necessary to support the issuance of a search warrant. In the past, we have identified two core requirements: "First, facts must be related which would cause a reasonable man to believe a crime had been committed. Secondly, facts must be set forth which would cause a reasonable man to believe the evidence was in the place to be searched." *People v. George*, 49 Ill. 2d 372, 377 (1971); see also *People v. Free*, 94 Ill. 2d 378 (1983); *People v. Tate*, 44 Ill. 2d 432 (1970); *People v. Dolgin*, 415 Ill. 434 (1953); *Lippman v. People*, 175 Ill. 101 (1898).

The warrant at issue satisfies neither of these requirements. At the time the warrant issued, defendant had not yet committed any crime, and the evidence was not located in her home. Thus, it cannot be disputed that there was neither probable cause to believe that a crime had been committed, nor probable cause to believe that the evidence was located at the premises to be searched. The majority dismisses these important constitutional infirmities, noting, "[t]his, of course, is true of all anticipatory search warrants." 185 Ill. 2d at 551. While this statement is of course correct, it begs the question of the constitutionality of such warrants. Indeed, far from rebutting a criticism of anticipatory search warrants, the majority's statement aptly demonstrates why all such warrants are unconstitutional.

The majority posits that this court's prior holding invalidating anticipatory search warrants was decided merely as a matter of statutory construction; therefore, it treats the constitutionality of such warrants as a question of first impression. *People v. Ross*, 168 Ill. 2d 347 (1985). However, although we found it unnecessary to decide the constitutional question in *Ross*, our analysis in that case depended in large part upon Illinois constitutional jurisprudence in the area of searches and seizures. In concluding that section 108—3 of the Code of Crimi-

nal Procedure, as then in effect, prohibited anticipatory search warrants, we relied upon legislative history indicating that the drafters of that provision intended to follow existing case law—specifically *Lippman v. People*, 175 Ill. 101 (1898)—providing that a search warrant may be issued only *after* a crime has been committed. *Ross*, 168 Ill. 2d at 352-53. We also cited Lippman's holding that " '[a] search warrant can only be granted after a showing made before a magistrate, *under oath, that a crime has been committed.*' " (Emphasis in original.) *Ross*, 168 Ill. 2d at 353, quoting *People v. Lippman*, 175 Ill. at 113. Finally, we concluded in Ross that "this court has never retreated from the principle set forth in *Lippman, i.e.*, that a search warrant may only be issued after a crime has been committed. [Citations.]" *Ross*, 168 Ill. 2d at 353.

In addition to rewriting well-settled constitutional law, today's decision represents astonishingly bad public policy. The majority's holding allows a court to authorize the invasion of a citizen's constitutionally protected privacy based upon information that, at some point in the future, the citizen may commit a crime and may have evidence of that crime in his home or on his person. Just as it is impermissible for police to detain a citizen based upon suspicion that the citizen *may* commit a crime, so too, it is inappropriate for a court to issue a search warrant in anticipation of criminality which has not yet occurred. Such action constitutes an overreaching and gross expansion of the police powers of this state, a terrible invasion of a citizen's privacy, and an incompatibility with the concepts of ordered liberty embodied in our Illinois Constitution. Ill. Const. 1970, art. I, § 6.

Finally, because the good-faith exception to the exclusionary rule is not applicable to evidence seized in violation of the Illinois Constitution (*People v. Krueger*, 175 Ill. 2d 60 (1996)), evidence seized pursuant to the

anticipatory search warrant is inadmissible. For these reasons, I would affirm the judgment of the circuit court and reverse the judgment of the appellate court. Accordingly, I dissent.

JUSTICE HARRISON joins in this dissent.