**VILLAGE OF KELLEYS ISLAND, Appellee,**

**v.**

**JOYCE, Appellant.**

[Cite as *Kelleys Island v. Joyce* (2001), 146 Ohio App.3d 92.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–01–003.

Decided Sept. 21, 2001.

94

*Randal L. Strickler*, for appellee.

*Mark I. Wallach* and *Matthew M. Mendoza*, for appellant.

MELVIN L. RESNICK, Judge.

This appeal from a judgment of the Erie County Court involves the constitutionality of an antinoise ordinance enacted by the Council of the village of Kelleys Island. The trial court determined that the ordinance was not unconstitutionally vague or overbroad and therefore did not violate either the United States Constitution or the Ohio Constitution. Additionally, the court apparently rejected the argument that the antinoise ordinance violated Section 3, Article XVIII, Ohio Constitution. For the following reasons, we affirm the judgment of the trial court.

Appellant, Thomas P. Joyce, is the owner of the Caddy Shack, a restaurant and bar located in the village of Kelleys Island. During the summer months, entertainment, in the form of "karaoke" or live bands, is offered to the customers of the Caddy Shack on an outdoor patio on Friday and Saturday nights. Karaoke is a form of entertainment that allows a customer to sing along with music provided by special equipment.

On July 7, 2000, appellant was cited for a violation of Section 132.13(A)(2) of the Codified Ordinances of the village of Kelleys Island. This was his third criminal citation for an alleged violation of this ordinance within a month. Section 132.13 provides:

"(A) No person shall generate or permit to be generated noise or loud sound which is likely to cause inconvenience or annoyance to persons of ordinary sensibilities by means of a live performance, radio, phonograph, television, tape player, compact disc player, loudspeaker or any other sound amplifying device which is plainly audible at a distance of 150 feet or more from the source of the noise or loud sound.

"(1) It is prima facie unlawful for a person to generate or permit to be generated sound by the above described devices or instruments in the following circumstances:

"(2) On all property between the hours of 11:00 p.m. and 8:00 a.m. of the following day in all zoning districts as set forth in the Zoning Ordinance of the Village of Kelleys Island, regardless of any existing nonconforming use or variance, where the sound is plainly audible 150 feet or more from the source of the sound;

"* * *

"(E) As used in this section, 'Plainly audible' means any sound produced by a live performance, radio, phonograph, television, tape player, compact disc player, loudspeaker or any other mechanical or electronic sound making or sound amplifying device, or instrument, that can be clearly heard by a person using his normal hearing faculties, at a distance of 150 feet or more from the source of the noise or loud sound.

"(F) Any law enforcement officer or person who hears a sound that is plainly audible as defined herein shall be entitled to measure the sound according to the following standards:

"(1) the primary means of detection shall be by means of the officer's or person's ordinary auditory senses, so long as the officer's or person's hearing is not enhanced by any mechanical device, such as a microphone or hearing aid;

"(2) the officer or person must have a direct line of sight and hearing to the source that is producing the sound so that the officer or person can readily identify the offending person and the distance involved; and

"(3) the officer or person need not determine the particular words or phrases being produced or the name of any song or artist producing the sound. The detection of a rhythmic bass reverberating type sound is sufficient to constitute plainly audible sound."

A single violation of this antinoise ordinance constitutes a minor misdemeanor. Section 132.13(G). Subsequent violations that occur within twelve months of the first offense are categorized as either third or fourth degree misdemeanors, depending on the number of times the ordinance is violated within that period. *Id.*

Asserting that the antinoise ordinance was unconstitutional due to vagueness and overbreadth, appellant filed a motion to dismiss the charge against him. Appellant also contended that the ordinance was unconstitutional under Section 3, Article XVIII, Ohio Constitution. The trial court determined that appellant's arguments were without merit and denied the motion to dismiss. The court found that the ordinance contained a sufficient definition of the phrase "plainly audible" to defeat appellant's claim of vagueness. Appellant then entered a plea of no contest and was found guilty and sentenced. In this appeal of that

conviction, he maintains that the following error occurred in the proceedings below:

"The trial court prejudicially erred in denying defendant/appellant's motion to dismiss because the Kelleys Island noise ordinance is unconstitutionally vague and unconstitutionally overbroad, both on its face and as it has been enforced against appellant."

We note at the outset that appellant asserts that the trial court erred in basing its decision concerning vagueness on *Tiffin v. McEwen* (1998), 130 Ohio App.3d 527, 720 N.E.2d 587, a case in which the Third District Court of Appeals found that an antinoise ordinance was not an unconstitutional exercise of police power. A careful reading of the trial court's judgment discloses that the judge found that the ordinance in this case was not unconstitutionally vague because violations of Sections 132.13 were limited to those sounds that were plainly audible. The *McEwen* case is merely used as an example by the judge in addressing an entirely different issue. Therefore, appellant's assertion relative to this alleged error lacks merit.

Appellant asserts that Section 132.13 is unconstitutionally vague and "overbroad" because it is "not sufficiently definite to allow a person to determine what conduct violates the ordinance or to prevent its arbitrary and ad hoc enforcement." Appellant specifically urges that language making it *prima facie* unlawful to generate sound that is plainly audible at a distance of one hundred fifty feet from the source creates a standard that is entirely subjective. Relying on cases from other jurisdictions, appellant suggests that a standard measuring sounds by means of decibels is necessary and that Section 132.13 is "subject to numerous variables and changing conditions." Appellant also argues that the ordinance is unconstitutionally vague because it fails, among other things, to provide a "meaningful definition" of "plainly audible." Based upon the law developed by the United States Supreme Court and Ohio courts in the consideration of vagueness challenges to antinoise statutes or ordinances, we must disagree.

There is a strong presumption that all legislative enactments are constitutional. *State v. Collier* (1991), 62 Ohio St.3d 267, 269, 581 N.E.2d 552. When it is alleged that a statute or ordinance is void for vagueness, all doubts must, if possible, be resolved in favor of its constitutionality. *Oregon v. Lemons* (1984), 17 Ohio App.3d 195, 196, 17 OBR 385, 478 N.E.2d 1007.

The party asserting that a statute is unconstitutionally vague must establish that "upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law." *State v. Anderson* (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224. Thus, laws are vague when they "trap the innocent by not providing fair warning." *Grayned v.*

*Rockford* (1972), 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222. Additionally, in order to defeat an allegation of vagueness, a law must contain explicit standards as guidance for those who apply them, thereby preventing arbitrary and discriminatory enforcement. *Id.*

■ If, however, the general class of offenses (in this case, loud noises that inconvenience or annoy persons of ordinary sensibilities) to which the challenged statute or ordinance applies can be made constitutionally definite by a reasonable construction of that particular enactment, a court is under a duty to give it that construction. *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 4 OBR 150, 446 N.E.2d 449, quoting *United States v. Harriss* (1954), 347 U.S. 612, 618, 74 S.Ct. 808, 98 L.Ed. 989. In applying these precepts, courts have found antinoise ordinances less definite than the ordinance in the case before us constitutionally sound.

In *Grayned,* for example, the United States Supreme Court found that the following antinoise ordinance was not unconstitutionally vague:

" '[N]o person, while on public or private grounds adjacent to any building in which a school or class thereof is in session, shall willfully make or assist in the making of any noise or diversion which disturbs or tends to disturb the peace or good order of such school session or class thereof.' " *Id.* at 108, 92 S.Ct. 2294, 33 L.Ed.2d 222, quoting Code of Ordinances, c28, Section 19.2(a), of the city of Rockford, Illinois.

In reaching its decision, the *Grayned* court stated that we can never expect "mathematical certainty from our language." *Id.* at 110, 92 S.Ct. 2294, 33 L.Ed.2d 222. Rather, it determined that the words of an ordinance need only be marked by "flexibility and reasonable breadth." *Id.*

In applying this standard, the United States Supreme Court determined that the word "adjacent" was sufficient to limit the place where unlawful noise was prohibited and that requiring school to be in session was a satisfactory time limitation. *Id.* at 111, 92 S.Ct. 2294, 33 L.Ed.2d 222. While the court was troubled by the lack of specificity in the phrase "tends to disturb," it interpreted the same to prohibit noise that presented an actual or imminent interference with the "peace and good order" of the school. *Id.* Finally, the *Grayned* court found that the standard by which the noise was measured in the ordinance was not vague. *Id.* at 112, 92 S.Ct. 2294, 33 L.Ed.2d 222. It concluded that "whether normal school activity has been or is about to be disrupted" was a sufficiently specific standard to pass constitutional muster. *Id.*

The Ohio Supreme Court, in *Dorso, supra,* rejected an allegation of unconstitutional vagueness leveled at a Cincinnati antinoise ordinance that simply stated that "loud musical noises" could not be conducted " 'in such a manner as to disturb the peace and quiet of the neighborhood * * *.' " *Id.* at 60–61, 4 OBR

150, 446 N.E.2d 449, quoting Section 910–9, Cincinnati Municipal Code. The defendant in *Dorso* maintained that the term "neighborhood" was ambiguous, *id.* at 62, 4 OBR 150, 446 N.E.2d 449, and that the phrase "to disturb the peace and quiet" was impermissibly vague because it failed to establish an objective measure for determining what "disturbs," *id.* at 63, 4 OBR 150, 446 N.E.2d 449.

Using the common and accepted definition of "neighborhood," the Ohio Supreme Court determined that the closeness that this word implies is well within the knowledge of the ordinary person and, for constitutional purposes, was sufficiently specific in defining the area in which the offense could occur. *Id.* at 62–63, 4 OBR 150, 446 N.E.2d 449. The *Dorso* court further construed "to disturb the peace and quiet" as to prohibit, *inter alia,* the playing of music in a manner which would offend an individual of common sensibilities, that is, "disrupt the reasonable conduct of basic human activities, *e.g.,* conversation or sleep." *Id.* at 63–64, 4 OBR 150, 446 N.E.2d 449. Therefore, the court concluded that this standard was not so indefinite as to render the ordinance vague. *Id.* at 64, 4 OBR 150, 446 N.E.2d 449.

In *Edison v. Jenkins* (June 7, 2000), Morrow App. No. CA893, unreported, 2000 WL 873692, the Fifth District Court of Appeals also considered a vagueness challenge to an antinoise ordinance. The ordinance prohibited " 'noise which by reason of volume, pitch, frequency, intensity, duration or nature' " annoyed or disturbed " 'the comfort, peace or health of a person of ordinary sensibilities' " and could be "heard more than one hundred feet from the property where it is created." In addition to finding that a person of ordinary intelligence would have no difficulty in understanding what is proscribed by this ordinance, the *Jenkins* court found that the ordinance set forth a reasonableness standard, *i.e.,* only unreasonable noise was subject to the ordinance. *Id.* Finally, the court found that the distance requirement narrowed the scope of the operation of the ordinance and discouraged discriminatory and arbitrary enforcement. *Id.*

In a third Ohio case, the First District Court of Appeals decided that an ordinance finding it *prima facie* unlawful for the owner or person in possession of a motor vehicle with "any radio, phonograph, television, tape player, loud speaker or any other instrument or device" to allow "any noise emanating from a motor vehicle which is plainly audible at a distance of 50 feet from the motor vehicle" was not void for vagueness. *State v. Boggs* (June 25, 1999), Hamilton App. No. C–980640, unreported, 1999 WL 420108, quoting Section 910–10 of the Cincinnati Municipal Code. The ordinance also limited its application to noise of "such intensity and duration to create unreasonable noise or loud sound which causes inconvenience and annoyance to persons of ordinary sensibilities." *Id.*

The *Boggs* court found that limiting the unlawful noise to those plainly audible at a distance of fifty feet constituted a concrete and quantifiable measurement

and served "as a requisite objective guideline to clarify the nature of the violation." *Id.* The court expressly rejected the idea that a statute or ordinance must contain an exact measurement of the magnitude of a noise, such as decibels, in order to overcome a vagueness challenge. In reaching this conclusion, the court noted that measurement by decibels is not necessarily one of common understanding. *Id.*

In applying the principles set forth in these cases, we are compelled to conclude that a person of ordinary intelligence would not have difficulty understanding what is prohibited from the text of Section 132.13. The "noise or loud sound" is made definite by adding that it must be "plainly audible" or "clearly heard" by a person using his or her "normal hearing faculties." Also, the noise or sound must be inconvenient or annoying to persons of "ordinary sensibilities." Thus, only unreasonable noises or loud sounds are prohibited. Time and distance limitations also aid in providing fair warning of the nature of the unlawful conduct.

Furthermore, Section 132.13 is sufficiently definite to preclude arbitrary and discriminatory enforcement. The distance requirement puts " 'an objective quantifiable number into the ordinance, thus narrowing the scope of its operations.' " *Edison v. Jenkins, supra,* quoting *Kent v. Boyer* (Oct. 9, 1998), Portage App. Nos. 97–P–0107 and 97–P–0108, unreported. Likewise, the limitation on the time period in which a violation of the ordinance can occur aids in achieving this goal. Additionally, the law enforcement officer or person who hears the plainly audible noise "must have a direct line of sight and hearing to the source of the sound so that the officer or person can readily identify the offending person and the distance involved." Consequently, appellant's constitutional challenge to Section 132.13 of the Codified Ordinances of the village of Kelleys Island on the basis of vagueness must fail.

Appellant further asserts that Section 132.13 is overbroad because its reach prohibits conduct protected by the First Amendment to the United States Constitution.

As claimed by appellant, a statute may be overbroad "if in its reach it prohibits constitutionally protected conduct." *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 528, 709 N.E.2d 1148, quoting *Grayned v. Rockford,* 408 U.S. at 114, 92 S.Ct. 2294, 33 L.Ed.2d 222. Although appellant fails to state the constitutional conduct that Section 132.13 infringes, the right involved in this cause is the right of free speech under the First and Fourteenth Amendments to the United States Constitution. *Columbus v. Kasper* (1989), 61 Ohio App.3d 776, 780, 573 N.E.2d 1163; *Jenkins, supra.*

To determine whether a statute or ordinance violates the First Amendment, a court must first determine whether it regulates the content of speech or simply regulates conduct related to that speech. *Dayton v. Van Hoose* (Dec. 8, 2000), Montgomery App. No. 18053, unreported, 2000 WL 1803867. Laws attempting to regulate pure First Amendment rights (*e.g.*, speech, expressive conduct, or association) must be narrowly tailored and designed to further compelling needs of society. *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 611–613, 93 S.Ct. 2908, 37 L.Ed.2d 830. Nevertheless, "[w]here conduct and not merely speech is involved, * * * the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Id.* at 615–616, 93 S.Ct. 2908, 37 L.Ed.2d 830. Therefore, the party challenging the enactment must show that the law's potential application reaches a significant amount of protected activity. *Akron v. Rowland* (1993), 67 Ohio St.3d 374, 387, 618 N.E.2d 138.

Assuming solely for the purpose of our analysis that "noise or loud sound" made by means of "live performance" or any of the sound producing/sound amplifying devices enumerated in Section 132.13(A) falls with the ambit of the First Amendment, a reading of the ordinance in this case reveals that it does not target the content of speech or expressive conduct. Instead, it is purely a restriction on conduct, that is, a time, place, and manner restriction. Appellant failed to offer any evidence suggesting that the potential application of Section 132.13 would reach a significant amount of activity protected by the First and Fourteenth Amendments. Consequently, we reject his overbreadth challenge as it relates to the First Amendment.

Appellant next contends that Section 132.13 is overbroad due to the distance limitation of "150 feet from the source of the sound" as opposed, for example, to "150 feet from the property line." In addressing the issue of a constitutional challenge based on the alleged overbreadth of a criminal statute, the Ohio Supreme Court held: "[T]he overbreadth doctrine has limited application, and 'outside the limited First Amendment context, a criminal statute may not be attacked as overbroad.'" *State v. Collier*, 62 Ohio St.3d at 272, 581 N.E.2d 552, quoting *Schall v. Martin* (1984), 467 U.S. 253, 269, 104 S.Ct. 2403, 81 L.Ed.2d 207, fn. 18, citing *New York v. Ferber* (1982), 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113. Appellant's claim concerning distance does not implicate the First Amendment; accordingly, the overbreadth doctrine has no application to this particular contention.

Appellant's final challenge to the constitutionality of Section 132.13, raised both here and below, is that the ordinance violates Section 3, Article XVIII, Ohio Constitution. This so-called "Home Rule Amendment" grants municipalities the authority to, among other things, "adopt and enforce within

their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Thus, the Ohio Constitution expressly subjects the right of an individual to use and enjoy his or her property to the legitimate exercise of local police power. *Hausman v. Dayton* (1995), 73 Ohio St.3d 671, 678, 653 N.E.2d 1190. Because the exercise of police power has a bearing on individual rights, its exercise will be valid if it bears a real and substantial relationship to the public health, safety, or general welfare and is not unreasonable or arbitrary. *Hudson v. Albrecht, Inc.* (1984), 9 Ohio St.3d 69, 72, 9 OBR 273, 458 N.E.2d 852. Additionally, the exercise of power "must not interfere with private rights beyond the necessities of the situation." *Teegardin v. Foley* (1957), 166 Ohio St. 449, 2 O.O.2d 462, 143 N.E.2d 824, paragraph one of the syllabus.

Appellant reiterates the same arguments that he raised previously concerning the alleged vagueness and overbreadth of Section 132.13. He also asserts that the antinoise ordinance is "unreasonable" and interferes with the private rights of most citizens beyond the necessities of most situations due to the "low level" of sound that constitutes a violation. Finally, appellant complains that, under the circumstances of this case, enforcement of the ordinance against him, as the owner of one of several entertainment businesses located in the village of Kelleys Island is unreasonable and interferes with private rights beyond the necessities of the situation. Again, we disagree.

Section 132.13 promotes the general welfare and safety of the village by reducing noise pollution. It is reasonable because it targets only "plainly audible" noises or loud sounds that inconvenience or annoy persons of ordinary sensibilities between the hours of 11:00 p.m. and 8:00 a.m. and who, with normal hearing faculties, can hear the noises or sounds from a distance of one hundred fifty feet or more from the source. The restrictions are suitable for achieving the reduction of noise pollution. The ordinance is impartial in operation, has a real and substantial relation to the purpose of reducing noise pollution, and does not impinge upon the right of appellant to use his property as he sees fit beyond what is necessitated to achieve its goal. See *McEwen, supra.* Accordingly, Section 132.13 does not violate Section 3, Article XVIII, Ohio Constitution.

Based on all of the foregoing, appellant's sole assignment of error is found not well taken. The judgment of the Erie County Court is affirmed. Appellant, Thomas P. Joyce, is ordered to pay the costs of this appeal.

*Judgment affirmed.*

MARK L. PIETRYKOWSKI, P.J., and RICHARD W. KNEPPER, J., concur.