THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARIO ARGUELLO, Defendant-Appellee.

First District (3rd Division)   No. 1—00—3418

Opinion filed February 6, 2002.

HALL, P.J., dissenting.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Kathryn Schierl, and Annette Collins, Assistant State's Attorneys, of counsel), for the People.

Thomas J. Royce, of Chicago, for appellee.

JUSTICE CERDA delivered the opinion of the court:

The issue in this case is whether the City of Chicago's sound-device restriction ordinance is unconstitutional. The vehicle driven by defendant, Mario Arguello, was stopped and searched by the Chicago police because of defendant's violation of Chicago's sound-device restriction ordinance (Chicago Municipal Code § 11—4—1115 (amended

July 31, 1996)) (the ordinance), which restricts music playing in a vehicle if it can be heard more than 75 feet away. Defendant was charged with criminal offenses after he was found in possession of illegal drugs. Defendant moved to suppress the evidence and to quash the arrest. In granting the motion, the circuit court of Cook County held that the ordinance was unconstitutional. We reverse and remand.

## BACKGROUND

It was stipulated at the hearing on the motion to suppress that a police officer would testify that on October 29, 1999, from 90 feet away, he heard music coming from the vehicle driven by defendant. The vehicle was pulled over for violation of the ordinance. He detected a strong odor of burning cannabis. The officer then saw cannabis in an open ashtray and arrested defendant. Cocaine was found in a search of defendant at the police station. Defendant was charged with possession of cannabis and a controlled substance.

Defendant filed a motion to quash his arrest and to suppress the evidence. Defendant argued that the ordinance was unconstitutional because it violated the first amendment. Defendant relied on *People v. Jones*, 188 Ill. 2d 352, 721 N.E.2d 546 (1999), in which the Illinois Supreme Court held that an Illinois sound amplification statute (625 ILCS 5/12—611 (West 1996)), which prohibited amplified sound that could be heard 75 feet or more from a vehicle, was unconstitutional because the statute contained an exception for vehicles engaged in advertising. Defendant argued that the Chicago ordinance similarly was not content neutral or based upon any narrowly drawn compelling city interest.

The trial court ruled that the ordinance was unconstitutional, finding that the ordinance was (1) essentially the same as the state statute involved in *Jones*; (2) content-based; and (3) not based on any city interest that could achieve any proper legislative end. The trial court granted the motion to suppress.

The State appealed. Defendant did not file a brief, and the case was taken on appellant's brief only. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 130-31, 345 N.E.2d 493 (1976) (if the record is simple and the claimed error can be decided without the aid of an appellee's brief, a court of review should decide the merits of an appeal).

## ANALYSIS

■ The standard of review is *de novo* because the issue on appeal is whether the ordinance is constitutional. *People v. Malchow*, 193 Ill. 2d 413, 418, 739 N.E.2d 433 (2000).

The ordinance provides:

"No person shall play, use, operate or permit to be played, used or operated, any radio, tape recorder, cassette player or other device for receiving broadcast sound or reproducing recorded sound if the device is located:

(1) On the public way; or

(2) In any motor vehicle on the public way; and if the sound generated by the device is clearly audible to a person with normal hearing at a distance greater than 75 feet. This section shall not apply to any person participating in a parade or public assembly for which a permit has been obtained pursuant to Chapter 10—8." Chicago Municipal Code § 11—4—1115 (amended July 31, 1996).

In comparison, the state amplification statute found unconstitutional in *Jones*, 188 Ill. 2d 352, 721 N.E.2d 546, provided in relevant part:

"No driver of any motor vehicle within this State shall operate or permit operation of any sound amplification system which can be heard outside the vehicle from 75 or more feet when the vehicle is being operated upon a highway, unless such system is being operated to request assistance or warn of a hazardous situation.

This Section does not apply to authorized emergency vehicles or vehicles engaged in advertising." 625 ILCS 5/12—611 (West 1996).

■ The first amendment to the United States Constitution provides that "Congress shall make no law *** abridging the freedom of speech, or of the press ***." U.S. Const., amend. I. The first amendment is incorporated into the due process clause of the fourteenth amendment and thereby made applicable to the states. *Stromberg v. California*, 283 U.S. 359, 368, 75 L. Ed. 1117, 1122-23, 51 S. Ct. 532, 535 (1931). Municipal ordinances are subject to the first amendment. See *Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620, 63 L. Ed. 2d 73, 100 S. Ct. 826 (1980).

■ As a result of the City of Chicago ordinance, restrictions have been placed on an expression protected by the first amendment. Music was held to be a protected form of expression and communication in *Ward v. Rock Against Racism*, 491 U.S. 781, 790, 105 L. Ed. 2d 661, 674, 109 S. Ct. 2746, 2753 (1989).

■ The first amendment does not guarantee the right to communicate views at all times and places or in any manner that may be desired. *Jones*, 188 Ill. 2d at 356. The State may impose reasonable restrictions on the time, place, or manner of constitutionally protected speech in a public forum. *Ward*, 491 U.S. at 791, 105 L. Ed. 2d at 675, 109 S. Ct. at 2753.

The time, place, or manner restrictions must be justified without reference to the content of the regulated speech. *Ward*, 491 U.S. at 791, 105 L. Ed. 2d at 675, 109 S. Ct. at 2753. Content-neutral regula-

tions confer benefits or impose burdens without reference to the ideas or views expressed. *Turner Broadcasting System, Inc. v. Federal Communications Comm'n,* 512 U.S. 622, 643, 129 L. Ed. 2d 497, 518, 114 S. Ct. 2445, 2459 (1994). A content-neutral law will comply with the constitution if it is narrowly tailored to serve an important governmental interest and if it allows open ample alternative channels for communication of protected speech. *Ward,* 491 U.S. at 791, 105 L. Ed. 2d at 675, 109 S. Ct. at 2753.

■ A regulation that is content neutral and is a place and manner type of regulation is subject to an "intermediate level of scrutiny." *Turner,* 512 U.S. at 642, 129 L. Ed. 2d at 517, 114 S. Ct. at 2459. On the other hand, a "strict scrutiny" test is applied if the ordinance or statute is content based. *Turner,* 512 U.S. at 642, 129 L. Ed. 2d at 517, 114 S. Ct. at 2459. To meet the "strict scrutiny" test, a regulation may only restrict free speech where the restriction is precisely tailored to further a compelling state interest. See *Schaumburg,* 444 U.S. at 636, 63 L. Ed. 2d at 87, 100 S. Ct. at 836.

A court must construe a statute so as to affirm its constitutionality if the statute is reasonably capable of such a construction. *Russell v. Department of Natural Resources,* 183 Ill. 2d 434, 441, 701 N.E.2d 1056 (1998).

The city ordinance is a reduction or restriction on a person's right to audible expression on a public way by setting a limitation on the volume of the music.

■ Preserving quiet is a significant governmental interest. See *City of Ladue v. Gilleo,* 512 U.S. 43, 48, 129 L. Ed. 2d 36, 43, 114 S. Ct. 2038, 2041 (1994) (the government may "within reasonable bounds and absent censorial purpose, regulate audible expression in its capacity as noise"). There is no question that noise emanating from vehicles can be regulated. See *City of Cincinnati v. Discovery Network, Inc.,* 507 U.S. 410, 428, 123 L. Ed. 2d 99, 116, 113 S. Ct. 1505, 1516 (1993) (a prohibition against the use of sound trucks emitting loud noise in residential neighborhoods is permissible if it applies equally to music, political speech, and advertising).

It is reasonable to conclude that a car stereo heard from over 75 feet away is too loud. See *Hawai'i v. Ewing,* 81 Haw. 156, ___, 914 P.2d 549, 557 (1996) (upholding vehicular noise ordinance with restriction of 30 feet as exercise of police power, although there was no claim of unconstitutionality); *City of Tiffin v. McEwen,* 130 Ohio App. 3d 527, 532, 720 N.E.2d 587, 590 (1998) (ordinance prohibiting sound from a vehicle that was audible from 100 feet or more was upheld as not violating the first amendment); *Davis v. Florida,* 710 So. 2d 635, 636 (Fla. App. 1998) (ordinance prohibiting radio playing in vehicle that

was audible from 100 feet or more was upheld against first amendment challenge).

Under the ordinance, persons can express themselves with music at any time below a certain volume. The ordinance's restriction on first amendment expression is not greater than is essential to the furtherance of the governmental interest. *United States v. O'Brien,* 391 U.S. 367, 377, 20 L. Ed. 2d 672, 680, 88 S. Ct. 1673, 1679 (1968). We hold that the 75-foot restriction is narrowly tailored to serve the governmental interest.

The Illinois Supreme Court held that section 12—611 of the Illinois Vehicle Code (625 ILCS 5/12—611 (West 1998)) violated the first amendment because it was a content-based limitation on free expression. *Jones,* 188 Ill. 2d at 360. The court held that the state statute created a limitation on sound based upon the content of the sound because vehicles from which advertisements were broadcast were exempt from the statute. *Jones,* 188 Ill. 2d at 360-61. The court pointed out that the statute limited some expression but did not limit other expression based on the nature of the message that was sent. *Jones,* 188 Ill. 2d at 361. Advertising speech was protected while other speech was restricted. *Jones,* 188 Ill. 2d at 361. The statute was presumptively invalid because the restriction was content based. *Jones,* 188 Ill. 2d at 362. The court found that the statute did not pass the strict scrutiny test because it was not narrowly drawn to serve a state interest nor was the statute necessary to serve a compelling state interest. *Jones,* 188 Ill. 2d at 362-63. In contrast, the Chicago ordinance does not contain an exception for vehicles engaged in advertising or for any other particular type of message or sound.

■ The ordinance does contain an exception for any person participating in a parade or public assembly for which a permit was obtained. The exception is not for a type of message; it is an exception for a time and place of communication. The parade and public-assembly exception gives everyone an opportunity to express themselves with music at a louder volume than what is permitted by the ordinance. We conclude that the ordinance is content neutral and is a constitutionally permitted time and place regulation. It is narrowly tailored to serve an important governmental interest and it allows open ample alternative channels for communication of protected speech. *Ward,* 491 U.S. at 791, 105 L. Ed. 2d at 675, 109 S. Ct. at 2753.

The issue of whether the requirement that a permit be obtained for a parade or assembly constitutes a form of prior restraint on free speech is not before us on this appeal.

We hold that the trial court erred in ruling the ordinance unconstitutional. Therefore, we need not decide whether the trial court

erred in finding that the "good faith" basis for the officer to believe that the ordinance was constitutional when he stopped the defendant's vehicle was not applicable.

The judgment of the trial court granting the motion to suppress is reversed, and the cause is remanded.

Reversed and remanded.

WOLFSON., J., concurs.

PRESIDING JUSTICE HALL, dissenting:

I respectfully dissent from the majority opinion in this case because, contrary to the majority's determination, the ordinance in this case is "content-based" and cannot survive the strict scrutiny test.

In *Jones*, our supreme court was asked to determine if an ordinance which exempted advertising from the restrictions of the sound amplification statute was a content-based restriction on free speech which violated the first amendment. Under the statute, the broadcast of an advertising message emanating from a vehicle which was loud enough to be heard at 75 feet away was permitted, while the broadcast of any other message at the same volume was prohibited. *Jones*, 188 Ill. 2d at 358.

The court concluded that the statute was a content-based regulation of expression, stating as follows:

"The sound amplification statute, by its plain terms, premises the permissibility of protected speech on its content. The statute's restriction does not apply equally to all types of amplified sound. Rather, a certain type of speech, advertising, is exempted from the volume restriction. The statute thus allows the amplification of an advertising message, but prohibits the same amplification of all other messages, including religious speech, political speech and music. The permissible degree of amplification is dependent on the nature of the message being conveyed. Thus, by any 'commonsense understanding of the term' [citation], the statute's restriction is content-based." *Jones*, 188 Ill. 2d at 360-61.

The majority takes the position that the exception for participating in a parade or public assembly is not for a type of message but, rather, an exception for time and place of communication. I disagree.

Advertising is defined as "the action of calling something (as a commodity for sale, a service offered or desired) to the attention of the public." Webster's Third New International Dictionary 31 (1993). A parade is defined as "to assemble *** in formation" or "to march or

take part in a procession." Webster's Third New International Dictionary 1635 (1993). An assembly is defined as "a company of persons collected together in one place us[ually] for some common purpose (as deliberation and legislation, worship, or entertainment)." Webster's Third New International Dictionary 131 (1993).

In this case, the ordinance permits amplification of the message only if it is capable of being expressed in the form of a parade or public assembly. Parades and public assemblies are actually a form of "advertising" in that the purpose of such demonstrations is usually to make other persons aware of the participants' particular message. Just as anyone can advertise for any purpose, anyone can parade or organize a public assembly for any purpose. If an exception for advertising is "content-based," then so are exceptions for parades and public assemblies.

I am of the opinion that the exception in the ordinance for parades and public assemblies is a content-based restriction for just the same reasons as was the exception for advertising in the statute found to be unconstitutional in *Jones*. Further, as did the court in *Jones*, I would find no compelling state interest which would necessitate such a content-based restriction in the ordinance in this case.

Therefore, pursuant to *Jones*, I would uphold the trial court's determination that the ordinance in this case is unconstitutional.

I further would conclude that the good-faith exception invoked by the State does not apply for the reasons set forth in *People v. Aaron*, 296 Ill. App. 3d 317 (1998). The State's reliance on *People v. Carlson*, 185 Ill. 2d 546 (1999), is misplaced for the ordinance in this case is constitutionally, not statutorily, invalid.

For all of these reasons, I would affirm the judgment of the trial court. Therefore, I respectfully dissent.