**CITY OF COLUMBUS, Appellant,**

v.

**KENDALL, Appellee.**

[Cite as *Columbus v. Kendall,* 154 Ohio App.3d 639, 2003-Ohio-5207.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–6.

Decided Sept. 30, 2003.

Richard C. Pfeiffer Jr., City Attorney, and Tom Lindsey, Assistant City Attorney, for appellant.

Rachel Kendall, pro se.

BROWN, Judge.

{¶ 1} Plaintiff-appellant, city of Columbus, appeals from a judgment of the Franklin County Municipal Court, dismissing appellant's complaint against defendant-appellee, Rachel Kendall, on the grounds that the city's community noise ordinance, Columbus City Code ("CCC") 2329.11(C), is unconstitutionally vague on its face.

{¶ 2} On August 30, 2002, appellant filed a complaint against appellee, alleging a violation of CCC 2329.11. On December 11, 2002, appellee filed a motion to dismiss, asserting that the ordinance was unconstitutionally vague and overbroad.

{¶ 3} The matter came for trial before the court on December 20, 2002. Raymond Vaske resides in a residential neighborhood located on Rutland Way, Worthington. On August 29, 2002, at approximately 8:30 a.m., Vaske contacted the Columbus Police Department, complaining about noise coming from appellee's residence; Vaske's home is located approximately 100 feet from appellee's home.

{¶ 4} Two Columbus Police officers, Sergeant Mark Walker and Officer Ronald Keller, were dispatched to the area. When the officers arrived at appellee's residence, they heard music emanating from a stereo located near the back of appellee's house. As the officers approached the residence, they observed a number of women participating in a water aerobics class in a swimming pool. The officers entered the backyard of appellee's residence and informed appellee that they needed to speak with her. Appellee asked the officers if she could have five minutes to cool down the class participants. The officers walked back to Vaske's residence to speak with him. Sergeant Walker returned to appellee's driveway, but she was talking on a cell phone and appeared uncooperative to the officer. Officer Keller subsequently filled out a misdemeanor citation and mailed it to appellee's residence.

{¶ 5} At trial, Vaske testified that he could easily hear the noise from inside his house and that the noise was loud to him even though he suffers from hearing loss in both ears. Officer Keller stated that the noise "could easily be heard from * * * the street out in front." According to Officer Keller, the music was "a loud, continuous rhythm type of music that you would hear at a gym." He described the noise level as "unreasonable." Sergeant Walker stated that the volume of the music was quite noticeable, and he similarly testified that the noise was "not reasonable."

{¶ 6} At the close of the testimony, the trial court stated it was "going to find this ordinance unconstitutional because it's vague." On December 26, 2002, the trial court filed an entry dismissing the case, finding CCC 2329.11(C) "unconstitutional on basis ordinance is vague on its face."

{¶ 7} On appeal, appellant sets forth the following single assignment of error for review:

"The trial court erred, as a matter of law, in finding Columbus City Code Section 2329.11(C) unconstitutionally vague on its face and dismissing the case."

{¶ 8} The narrow issue before this court is whether the trial court erred in holding that the ordinance under which appellee was charged is unconstitutionally vague on its face. CCC 2329.11(C) reads as follows:

"No person shall make or allow to be made any unreasonably loud and or raucous noise in such a manner or at such volume as to annoy or disturb the quiet, comfort, or repose of a person of ordinary sensibilities, or to be plainly audible to persons within a distance of fifty (50) feet or more if the device is being used out of doors. Strict liability is intended to be imposed for this section."

{¶ 9} CCC 2329.11(A)(13) defines "loud or raucous noise" to mean "any noise or sound that emanates in such manners and/or volume and is of such intensity, character and duration to be offensive or disturbing to a person of ordinary sensibilities."

{¶ 10} In *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 4 OBR 150, 446 N.E.2d 449, the Ohio Supreme Court discussed the standards to be employed in considering the constitutionality of an enactment, holding:

"It is axiomatic that all legislative enactments enjoy a presumption of constitutionality. * * * Similarly uncontroverted is the legal principle that the courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional. * * * Specifically, as to challenges to a statute based upon its alleged vagueness, the United States Supreme Court has stated, ' * * * [I]f this general class of offenses [to which the statute applies] can be made constitutionally definite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction.' *United States v. Harriss* (1954), 347 U.S. 612, 618 [74 S.Ct. 808, 98 L.Ed. 989]. Thus, we are obligated to indulge every reasonable interpretation favoring the ordinance in order to sustain it.

"The court, in *Harriss,* also articulated the standard to be followed in determining whether a statute is impermissibly vague or indefinite. The court wrote: 'The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.' *United States v. Harriss, supra,* at page 617 [74 S.Ct. 808, 98 L.Ed. 989] * * *.

"A statute or ordinance is not necessarily void for vagueness, however, merely because it could have been more precisely worded. * * * The Constitution does not mandate a burdensome specificity. As the United States Supreme Court observed in *Rose v. Locke* (1975), 423 U.S. 48, at pages 49–50 [96 S.Ct. 243, 46 L.Ed.2d 185], the '* * * prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vague-

ness, for "[i]n most English words and phrases there lurk uncertainties." *Robinson v. United States,* 324 U.S. 282, 286 [65 S.Ct. 666, 89 L.Ed. 944] (1945).' "

{¶ 11} In *Whitehall v. Zageris* (Apr. 25, 1985), Franklin App. No. 83AP–805, 1985 WL 10262, this court considered an ordinance making it unlawful to keep or harbor an animal that emits sounds which are "unreasonably loud" and which are of "such a character, intensity and duration" as to "disturb the peace and quiet of the neighborhood." In *Zageris,* supra, this court rejected a challenge by the defendant that the statute was unconstitutionally vague on its face, holding:

"The Whitehall ordinance * * * is addressed to the specific neighborhood in which the noise occurs. In addition, the Whitehall ordinance incorporates an objective standard, prohibiting only noises which are 'unreasonably loud or disturbing,' and also gives specific factors to measure the disturbance by the 'character, intensity and duration' of the noise. These additional elements bring the Whitehall ordinance within the category of those approved by the court in *State v. Dorso* (1983), 4 Ohio St.3d 60 [4 OBR 150, 446 N.E.2d 449], as an ordinance which is unlikely to confuse persons of ordinary intelligence regarding which conduct is prohibited by the law."

{¶ 12} Ohio courts have rejected void-for-vagueness challenges to noise ordinances prohibiting the playing of a car audio system "at such volume as to disturb the quiet, comfort or repose of other persons." *State v. Cornwell,* 149 Ohio App.3d 212, 2002-Ohio-5178, 776 N.E.2d 572, at ¶ 3 ("the fact that Ord. 539.07[b][1] does not define the phrase, 'disturb the quiet, comfort, or repose,' does not render the ordinance impermissibly vague"); *State v. Cole,* Mahoning App. No. 01 CA 73, 2002-Ohio-5191, 2002 WL 31163735, at ¶ 18 (phrase "disturb the quiet, comfort, or repose" is substantially synonymous with "disturbing the peace"; "[w]hether or not conduct is deemed to 'disturb the peace' is measured by the reasonableness of the conduct as viewed in the light of the surrounding facts and circumstances.") Id. at ¶ 20.

{¶ 13} Further, "[m]any * * * courts have held that noise statutes that are based on the 'reasonable person' standard are sufficiently clear to withstand a 'void for vagueness' challenge." *Cornwell,* supra, at ¶ 15, citing various cases, including *Kovacs v. Cooper* (1949), 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513; *Kelleys Island v. Joyce* (2001), 146 Ohio App.3d 92, 765 N.E.2d 387; *Edison v. Jenkins* (June 7, 2000), Morrow App. No. CA893, 2000 WL 873692. Thus, in *Edison,* supra, the court held that the language "[a] 'person of ordinary sensibilities' suggests a reasonableness standard." Similarly, in *State v. Boggs* (June 25, 1999), Hamilton App. No. C–980640, 1999 WL 420108, the court rejected the contention that an ordinance prohibiting "unreasonable noise or loud sound which causes inconvenience and annoyance to persons of ordinary sensibilities" is too

indefinite and would result in arbitrary actions by police officers. Rather, the court held that "this standard is sufficiently definite so as to prohibit arbitrary enforcement by the police—only unreasonable noises can be punished." Id.

{¶ 14} In the present case, as noted by appellant, the trial court's primary concern appeared to be that the language of the ordinance failed to protect against arbitrary enforcement by officials. Specifically, the trial court stated, "[T]his ordinance is probably going to be applied differently in different neighborhoods based on the character of that neighborhood."

{¶ 15} However, we find that the prohibition against "unreasonably loud and or raucous" noise, defined to mean noise of "such intensity, character and duration to be offensive or disturbing to a person of ordinary sensibilities," incorporates "an objective standard by which to judge the offending conduct * * * and specific factors to be used in judging the offending conduct" so as to secure against arbitrary enforcement. *State v. Brundage* (Mar. 20, 2002), Mahoning App. No. 01–CA–07, 2002 WL 924631, citing *Whitehall*, supra. See, also, *Kovacs*, supra, at 79 (while the words "loud and raucous" are abstract words, "they have through daily use acquired a content that conveys to any interested person a sufficiently accurate concept of what is forbidden"). It has been held that, even in cases where standards are "flexible, and the officials implementing them will exercise considerable discretion, perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity." *Ward v. Rock Against Racism* (1989), 491 U.S. 781, 794, 109 S.Ct. 2746, 105 L.Ed.2d 661. Finally, as noted above, the weight of authority indicates that the "reasonable person" standard is not impermissibly vague. *Cornwell*, supra. Accordingly, we find that the trial court erred in holding CCC 2329.11(C) unconstitutionally vague on its face.

{¶ 16} Based upon the foregoing, appellant's single assignment of error is sustained, the judgment of the Franklin County Municipal Court is reversed, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this opinion.

Judgment reversed
and cause remanded.

PETREE, P.J., and PEGGY BRYANT, J., concur.